NO. 07-01-0143-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 27, 2001



______________________________




JOSE ANGEL MEDINA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 262ND DISTRICT COURT OF HARRIS COUNTY;



NO. 858716; HONORABLE MIKE ANDERSON, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Jose Angel Medina appeals from his conviction and sentence for
possession of cocaine. We dismiss for lack of jurisdiction. 

 On January 16, 2001, pursuant to a plea bargain, appellant pled guilty in the 262nd
District Court of Harris County, Texas, to a charge of possession of cocaine in the amount
of more than four grams and less than 200 grams. The trial court honored the plea bargain
and sentenced appellant to incarceration in the Texas Department of Criminal Justice-Institutional Division for two years. 

 On January 29, 2001, appellant filed a pro se Notice of Appeal. In his notice
appellant complains generally of the proceedings against him as being "permeated by
unconstitutional actions and denials of [h]is rights to due process." He also complains of
incompetent counsel, his rights being treated in a manner beneath the threshold of law and
precedent, the basis of the charge, conduct of his guilty plea hearing, "prosecutional and
judicial errors," and imposition of a cruel and unusual sentence. He appeals both the
sentence and hearing based on "jurisdictional matters of constitutionality, abuse of
discretion and matters of law and precedent."

 Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. 
In support of the motion to withdraw, counsel has certified that, in compliance with Anders
v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has
been diligently reviewed and that in the opinion of counsel, the record reflects no
reversible error or grounds upon which an arguably meritorious appeal can be predicated. 
Counsel thus concludes that the appeal is without merit. Counsel has discussed why,
under the controlling authorities, there is no reversible error in the trial court proceedings
or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of appellant's right to review the record and file a response to counsel's motion
and brief. The clerk of this court has likewise advised appellant of his right to file a
response to counsel's motion and Anders brief. Appellant has filed an unsigned form
pleading entitled Request to Withdraw Appeal. Otherwise, appellant has filed no
response.

 To perfect appeal from a judgment which was rendered on the defendant's plea of
guilty or nolo contendere, and in which the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant, the notice
of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the
substance of the appeal was raised by written motion and was ruled on before trial; or (c)
state that the trial court granted permission to appeal. TRAP 25.2(b)(3). If appeal as to
an issue or matter is properly perfected as to form, a court must examine the record
underlying the notice of appeal to determine if jurisdiction substantively exists as to the
issue or matter in question. See Sherman v. State, 12 S.W.3d 489, 492 (Tex.App.--Dallas
1999, no pet.). Dismissal of an issue or the entire matter is appropriate unless both (1) the
form of the notice of appeal is proper to perfect appeal as to the issue or matter, see Lyon
v. State, 872 S.W.2d 732, 736-37 (Tex.Crim.App. 1994), and (2) the alleged jurisdiction
is supported by the record. See Sherman, 12 S.W.3d at 492. In other words, if Rule
25.2(b)(3) is applicable, then for an appellate court to have its jurisdiction invoked over a
matter, compliance with Rule 25.2(b)(3) is required as to both form and substance. Id. 

 To describe the Notice of Appeal as a general notice is an understatement. 
Nevertheless, the notice does not state that the appeal is based upon matters raised by
written motion ruled on before trial or that the trial court granted permission to appeal. The
notice references, in a vague manner, jurisdiction of the trial court. See TRAP 25.2(b)(3). 
 The form of appellant's Notice of Appeal may arguably comply with TRAP
25.2(b)(3), insofar as stating that the appeal is for a jurisdictional question. Having
examined the record for substantive compliance with such rule, however, we find that the
record does not support compliance so as to invoke our appellate jurisdiction: (1)
appellant's Notice does not state that the trial court gave permission to appeal, and the
record reflects that it did not give permission; (2) the Notice of Appeal does not assert
appeal from pre-trial motions, and the record contains no pre-trial motions which were
overruled; and (3) jurisdiction was properly vested in the trial court by presentation of an
indictment. See Tex. Const. art. 5, § 12; Ex parte Long, 910 S.W.2d 485, 486
(Tex.Crim.App. 1995). 

 Because appellant has not invoked our jurisdiction, we must and do dismiss the
appeal for lack of jurisdiction. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App.
1998). Moreover, because we have no jurisdiction over the appeal except to dismiss it,
see id., we cannot and do not consider appellate counsel's Motion to Withdraw. 

 

 Phil Johnson

 Justice



Do not publish. 



rt may believe or disbelieve all or any part of a witness's testimony, whether or not the
testimony is controverted. Ross, 32 S.W.3d at 855. Considering the appropriate standard
of review, we find the trial court did not err in overruling the motion to suppress. 
Appellant's fifth point is overruled.

 Accordingly, the trial court's judgment is affirmed.


 James T. Campbell

 Justice

Do not publish. 
1. The pertinent pre-printed language of the judgment is identical to that quoted in
Johnson, 72 S.W.3d at 352 (Johnson, J., dissenting).