NO. 07-00-0438-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 10, 2001

_____

CHRISTIAN THOMAS STUMPF, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 184TH DISTRICT COURT OF HARRIS COUNTY;

NO. 830185; HONORABLE JAN KROCKER, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Christian Thomas Stumpf appeals from his conviction and sentence of two years incarceration for possession of components of explosives. We dismiss for lack of jurisdiction.

On July 11, 2000, pursuant to a plea bargain, appellant pled guilty to the charge of possession of components of explosives in the 184th District Court of Harris County, Texas.

The trial court honored the plea bargain and sentenced appellant to incarceration in the Texas Department of Criminal Justice-Institutional Division, for two years.

The Clerk's Record contains two separate *pro se* documents which purport to have been signed by appellant on August 16, 2000, and on which handwritten notations state "postmarked 8-18-00." One document is a Notice of Appeal ("the Notice"); the other is a Motion to Extend Time for Filing Notice of Appeal ("the Motion to Extend Time"). Handwritten notations on both *pro se* documents indicate that they were in possession of either the district clerk's office or the trial court as early as August 23, 2000. The Notice bears a file mark of the district clerk dated September 5, 2000. A certificate accompanying the Motion to Extend Time certifies that it would have been filed on September 5, 2000, if it had been file-marked when received by the clerk's office. Additionally, the Motion to Extend Time bears a file stamp from the 14th Court of Appeals in Houston showing a date of August 21, 2000.[1] The Motion to Extend Time requests an extension of time for filing of Notice of Appeal because appellant was appearing on appeal *pro se* and was unaware of the time requirements for filing his Notice of Appeal until he discovered the time requirement through his own efforts and research.

Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with <u>Anders v. California</u>, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has

---

[1]The appeal was transferred from the 14th Court of Appeals to the 7th Court of Appeals in Amarillo by order of the Texas Supreme Court.

been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which an arguably meritorious appeal can be predicated. Counsel concludes that the jurisdiction of this court has not been invoked, and that the appeal must be dismissed for lack of jurisdiction. Counsel thus concludes that the appeal is without merit. Counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court proceedings or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief. The clerk of this court has likewise advised appellant of his right to file a response to counsel's motion and Anders brief. Appellant has not filed a response.

In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(a).[2] The notice of appeal must be filed within 30 days after the day sentence is imposed unless a timely motion for new trial is filed. TRAP 26.2(a). The time for filing a notice of appeal may be extended for 15 days under certain circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be extended, both a notice of appeal and a motion for extension of time which complies with TRAP 10.5(b) must be filed within the 15 day period. TRAP 26.3; Olivo v. State, 918 S.W.2d 519, 523-25 (Tex.Crim.App. 1996).

An untimely-filed notice of appeal will not invoke the jurisdiction of the court of

---

[2]Further reference to a Texas Rule of Appellate Procedure will be by "TRAP_."

appeals. See State v. Riewe, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000). Thus, if an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523-25.

To perfect appeal from a judgment which was rendered on the defendant's plea of guilty or *nolo contendere*, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. If appeal as to an issue or matter is properly perfected as to form, a court must examine the record underlying the notice of appeal to determine if jurisdiction substantively exists as to the issue or matter in question. Sherman v. State, 12 S.W.3d 489, 492 (Tex.App.--Dallas 1999, no pet.). Dismissal of an issue or the entire matter is appropriate unless both (1) the form of the notice of appeal is proper to perfect appeal as to the issue or matter, see Lyon v. State, 872 S.W.2d 732, 736-37 (Tex.Crim.App. 1994), and (2) the alleged jurisdiction is supported by the record. See Sherman, 12 S.W.3d at 492. In other words, if TRAP 25.2(b)(3) is applicable, then for an appellate court to have its jurisdiction invoked over a matter, compliance with TRAP 25.2(b)(3) is required as to both form and substance. Id.

In the matter before us, appellant did not file his Notice of Appeal or a motion for new trial within 30 days of imposition of sentence. Unless we grant the Motion to Extend

4

Time, appellant has not invoked our jurisdiction, and we must dismiss the appeal for lack of jurisdiction.  See  Slaton, 981 S.W.2d at 210.

The Notice may have been filed within the time allowed pursuant to TRAP 26.3, although it was not file-marked by the district clerk until after expiration of the possible 15-day extension of time allowed by TRAP 26.3.  The Motion to Extend Time for Filing Notice of Appeal was timely filed, according to the file mark from the 14th Court of Appeals.

If we grant appellant's Motion to Extend Time, the form of appellant's Notice of Appeal must be examined for compliance with TRAP 25.2(b)(3), and the record must be examined for substantive compliance with TRAP 25.2(b)(3).  See Sherman, 12 S.W.3d at 492.  And, having examined the record for substantive compliance with TRAP 25.2(b)(3), we find that the record does not support compliance with that rule so as to invoke our appellate jurisdiction: the trial court did not give permission for appellant to appeal; there are no pre-trial motions which were overruled; and jurisdiction was properly vested in the trial court by presentation of an indictment.  See TEX. CONST. art. 5, § 12; Ex parte Long, 910 S.W.2d 485, 486 (Tex.Crim.App. 1995).

Thus, it is immaterial to the appeal whether appellant's Notice was filed within the 15-day extension time period allowed by TRAP 26.3 and, if so, whether we grant appellant's Motion to Extend Time to File Notice of Appeal, or whether we deny the Motion. Either way, appellant has not invoked our jurisdiction and we must dismiss the appeal.

Accordingly, we deny appellant's Motion to Extend Time to File Notice of Appeal. The appeal is dismissed for lack of jurisdiction. See Slaton, 981 S.W.2d at 210.

Because we have no jurisdiction over the appeal except to dismiss it, see id., we cannot and do not consider appellate counsel's Motion to Withdraw.

Phil Johnson
Justice

Do not publish.