Paulino FLORES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–01–00142–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 22, 2001.

Paulino Flores, Jr., Houston, for appellant.

Charles A. Rosenthal, Jr., Calvin Hartmann, Houston, for State.

Panel consists of Justices MIRABAL, NUCHIA, and PRICE.*

## OPINION

NUCHIA, Justice.

Appellant pled guilty to assault of a public servant on August 9, 1999. In accordance with the terms of a plea bargain agreement, the trial judge deferred adjudication of guilt and placed appellant on community supervision for six years and assessed a fine of $600. The State filed an amended motion to adjudicate guilt to which appellant pled true on December 19, 2000. The trial judge proceeded to find appellant guilty of assault of a public servant and assessed punishment at confinement for two years and a $600 fine. Appellant filed a timely *pro se* notice of appeal. No briefs have been filed in this appeal. We find that we lack jurisdiction over the appeal.

■ The requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure apply to an appeal from a judgment adjudicating guilt when, as in the present case, the State recommended deferred adjudication probation at the original plea. *See Watson v. State*, 924 S.W.2d 711, 714–15 (Tex.Crim.App.1996); *Strnad v. State*, 39 S.W.3d 363 (Tex.App.—Houston [1st Dist.] 2001) (opin. on reh'g) (designated for publication); *Scott v. State*, 995 S.W.2d 325, 326 (Tex.App.—Houston [1st Dist.] 1999, no pet.); *Okigbo v. State*, 960 S.W.2d 923, 925 (Tex.App.—Houston [1st Dist.] 1998, pet.

ref'd). Specifically, in such a case the notice of appeal must state: (1) the appeal is for a jurisdictional defect, (2) the substance of the appeal was raised by written motion and ruled on before trial, or (3) the trial court granted permission to appeal. *See* Tex.R.App.P. 25.2(b)(3).

■ However, it is not enough that the notice of appeal include recitations meeting the extra-notice requirements of the rule. Such recitations must be supported by the record and be true. Appellant must, in good faith, comply in both form and substance with the extra-notice requirements. Noncompliance, either in form or in substance, will result in a failure to properly invoke this Court's jurisdiction over an appeal to which the rule applies. *Betz v. State*, 36 S.W.3d 227, 228–29 (Tex.App.—Houston [14th Dist.] 2001, no pet. h.); *Sherman v. State*, 12 S.W.3d 489, 492 (Tex.App.—Dallas 1999, no pet.).

■ Appellant's notice of appeal includes the following, "These matters were raised by written motion by the defendant, Paulino Flores, and were ruled upon before the court." However, according to the record, the only written motion filed by appellant after the State filed a motion to adjudicate guilt was a motion to substitute counsel that the trial court granted. Therefore, appellant's notice of appeal does not comply in substance with the requirements of Rule 25.2(b)(3).[1]

■ Because the time for filing a proper notice of appeal has expired, the appellant may not file an amended notice of appeal to correct jurisdictional defects. *State v.*

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. If appellant's notice of appeal is referring to the trial court's ruling on a pretrial written motion in the original proceedings, appellant is too late. A defendant placed on deferred

adjudication may raise issues relating to the original plea only in appeals taken when deferred adjudication is first imposed. *Daniels v. State*, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999).

*Riewe,* 13 S.W.3d 408, 413–14 (Tex.Crim. App.2000).

The voluntariness of appellant's plea of true may not be appealed. *See Hargrave v. State,* 10 S.W.3d 355, 357 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd). It is clear the trial court had jurisdiction in the present case. *Lopez v. State,* 25 S.W.3d 926, 928 (Tex.App.—Houston [1st Dist.] 2000, no pet.).

We dismiss the appeal for lack of jurisdiction.