In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00175-CR

____________


WILLIAM KIRK, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 897126






O P I N I O N

 Appellant pleaded guilty to felony driving while intoxicated and, pursuant
to an agreed plea bargain, was sentenced to confinement for 13 years. Appellant filed
notice of appeal. We dismiss for lack of jurisdiction.

 In a plea-bargained felony case, the notice of appeal must comply with the
requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure or the
appellate court lacks jurisdiction. See White v. State, 61 S.W.3d 424, 429 (Tex. Crim.
App. 2001); Cooper v. State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); Tex. R. App.
P. 25.2(b)(3).

 However, it is not enough that the notice of appeal include recitations
meeting the extra-notice requirements of the rule. Such recitations must be supported
by the record and be true. Appellant must, in good faith, comply in both form and
substance with the extra-notice requirements. Noncompliance, either in form or in
substance, will result in a failure to properly invoke this Court's jurisdiction over an
appeal to which the rule applies. Flores v. State, 43 S.W.3d 628, 629 (Tex.
App.--Houston [1st Dist.] 2001, no pet.); Betz v. State, 36 S.W.3d 227, 228-29 (Tex.
App.--Houston [14th Dist.] 2001, no pet.); Sherman v. State, 12 S.W.3d 489, 492
(Tex. App.--Dallas 1999, no pet.).

 Appellant's notice of appeal states, in part, "the trial court granted
permission to appeal; . . . this appeal is for a jurisdictional defect; and . . . the
substance of the appeal was raised by written motion and ruled on before trial." 
Although this language complies with the form of the extra-notice requirements of
Rule 25.2(b)(3), it is not substantiated by the record. The judgment bears the
notation, "Appeal Waived. No permission to appeal granted." It is apparent that the
trial court had jurisdiction, and no pretrial written motions were filed. Therefore,
appellant's notice of appeal does not comply in substance with the requirements of
Rule 25.2(b)(3). We are therefore without jurisdiction.

 We also note that appellant waived his right to appeal if the trial court
followed the plea bargain agreement. See Buck v. State, 45 S.W.3d 275, 278 (Tex.
App.--Houston [1st Dist.] 2001, no pet.).

 We dismiss the appeal for lack of jurisdiction.

PER CURIAM


Panel consists of Chief Justice Schneider, and Justices Taft and Radack.

Do not publish. Tex. R. App. P. 47.