In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-02-00739-CR

 01-02-00740-CR

____________


JERROD LADON LAVIGNE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause Nos. 885790 and 885789






MEMORANDUM OPINION

 Appellant pleaded guilty to possession of marihuana and to possession of
cocaine. He also pleaded true to the allegations in two enhancement paragraphs in
the marihuana indictment. Appellant entered into a plea bargain agreement with the
State in which the State recommended that punishment be assessed at eight years
confinement in each case. The trial court followed the terms of the plea agreement
in assessing punishment. Appellant filed a timely notice of appeal that included both
cause numbers. We dismiss the appeals for lack of jurisdiction.

 In a plea-bargained felony case, the notice of appeal must comply with the
extra-notice requirements of Rule 25.2(b)(3) of the Rules of Appellate Procedure or
the appellate court lacks jurisdiction. (1) See White v. State, 61 S.W.3d 424, 429 (Tex.
Crim. App. 2001); Cooper v. State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001).

 However, it is not enough that the notice of appeal include recitations
meeting the extra-notice requirements of the rule. Such recitations must be supported
by the record and be true. Appellant must, in good faith, comply in both form and
substance with the extra-notice requirements. Noncompliance, either in form or in
substance, will result in a failure to properly invoke this Court's jurisdiction over an
appeal to which the rule applies. Flores v. State, 43 S.W.3d 628, 629 (Tex.
App.--Houston [1st Dist.] 2001, no pet.); Betz v. State, 36 S.W.3d 227, 228-29 (Tex.
App.--Houston [14th Dist.] 2001, no pet.); Sherman v. State, 12 S.W.3d 489, 492
(Tex. App.--Dallas 1999, no pet.).

 Appellant's pro se notice of appeal is a form that includes the following:

 The Defendant further alleges that if this appeal is from a
judgment rendered on a plea of guilty or nolo contendere that the
trial court granted permission to appeal; and that if the trial court
did not exceed the prosecutor's recommended punishment, that
this appeal is for a jurisdictional defect; and that the substance of
the appeal was raised by written motion and ruled on before trial.


However, both judgments reflect that the trial court did not grant permission to
appeal. In addition, it is apparent from the record that the trial court had jurisdiction
in both cases. A pretrial motion to suppress was filed in each case, but these were
never ruled on by the trial court. Therefore, appellant's notice of appeal does not
comply in substance with the requirements of Rule 25.2(b)(3).

 We also note that appellant waived his right to appeal in each case if the
trial court followed the plea bargain agreement. See Buck v. State, 45 S.W.3d 275,
278 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

 We dismiss the appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Hedges, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.
1. The rule states that, in such a case, "the notice must: (A) specify that the appeal
is for a jurisdictional defect; (B) specify that the substance of the appeal was
raised by written motion and ruled on before trial; or (C) state that the trial
court granted permission to appeal." Tex. R. App. P. 25.2(b)(3).