NUMBER
13-01-235-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 

MIGUEL MARTINEZ PEREZ,                                          Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

 

                   On appeal from the County
Court at Law No. 2 

                                  of Victoria
County, Texas.

 

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                   Opinion by
Justice Yañez

 

 

 








Pursuant to a plea
bargain agreement, appellant, Miguel Martinez Perez, pleaded nolo contendere
to the offense of interference with a public servant.[1]  On February 26, 2001, the trial court found
him guilty, and imposed a sentence of 180 days in county jail, suspended for
one year, a fine of $350 plus court costs, and eighty hours of community
service.  Appellant has filed a pro se
brief challenging the voluntariness of his plea and the factual sufficiency
of the evidence to support his conviction. 
We dismiss the appeal for want of jurisdiction.

                                             Procedural Background








On March 16, 2001,
appellant filed a motion for new trial,[2]
contending his plea was involuntary because he did not understand the terms of
the plea agreement.  Following a hearing
on April 4, 2001, the trial court denied the motion.  On April 6, 2001, appellant filed a general
notice of appeal, which failed to meet the jurisdictional requirements of Texas
Rule of Appellate Procedure 25.2(b)(3).  See
Tex. R. App. P. 25.2(b)(3).  Also on April 6, 2001, appellant=s court-appointed
counsel filed a motion to withdraw.  On
May 2, 2001, appellant filed a request for permission to appeal, and following
a hearing the same day, the trial court signed a written order granting
permission to appeal.  The trial court
also granted appellant=s court-appointed
counsel permission to withdraw from representing appellant and appointed new
counsel to represent appellant.[3]  Also on May 2, 2001, an amended notice of
appeal was filed, noting the appointment of new counsel.  The amended notice also fails to meet the
requirements of rule 25.2(b)(3); thus, although the record contains a written
order granting appellant permission to appeal, the amended notice of appeal
fails to so specify.  See Tex. R. App. P. 25.2(b)(3).  

Appellant=s court-appointed
attorney filed an appellate brief in which he concluded that, after a review of
the record and the related law, the appeal is frivolous and without merit. He
has evaluated the record and has found no error that arguably supports an appeal.
The brief thus meets the requirements of Anders v. California, 386 U.S.
738 (1967), and Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991); Lindsey v. State, 902 S.W.2d 9, 11 (Tex. App.BCorpus Christi 1995, no pet.).  Counsel certified that he furnished appellant
with a copy of the brief and informed him of his right to review the record and
file a pro se brief.  Appellant
timely filed a pro se brief challenging the voluntariness of his plea
and the factual sufficiency of the evidence to support his conviction.  

                                                      Jurisdiction                   

A threshold question is
whether we have jurisdiction.  State
v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996) (A court may sua sponte
review its subject matter jurisdiction.).








To invoke an appellate
court's jurisdiction over an appeal, an appellant must give timely and proper
notice of appeal.  White v. State,
61 S.W.3d 424, 428 (Tex. Crim. App. 2001). 
Appellant filed a timely general notice of appeal and an amended notice
of appeal, neither of which complied with the requirements of rule 25.2(b)(3)
of the Texas Rules of Appellate Procedure. 
See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant's plea of guilty or nolo
contendere and the punishment assessed does not exceed the punishment
recommended by the State and agreed to by the defendant, the notice of appeal
must: (1) specify that the appeal is for a jurisdictional defect; (2) specify
that the substance of the appeal was raised by written motion and ruled on
before trial; or (3) state that the trial court granted permission to appeal.  Id. 
The failure of an appellant to follow Rule 25.2(b)(3) deprives an appellate
court of jurisdiction over the appeal.  Woods
v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002) (citing White,
61 S.W.3d at 428-29).  Noncompliance,
either in form or in substance, will result in a failure to properly invoke
this Court's jurisdiction over an appeal to which the rule applies.  Flores v. State, 43 S.W.3d 628, 629
(Tex. App.BHouston [1st Dist.]
2001, no pet.); Betz v. State, 36 S.W.3d 227, 228-29 (Tex. App.BHouston [14th Dist.]
2001, no pet.); Sherman v. State, 12 S.W.3d 489, 492 (Tex. App.BDallas 1999, no pet.). 

Here, although the
record reflects that the trial court granted appellant permission to appeal,
neither the original notice nor the amended notice of appeal states that the
trial court granted permission to appeal. 
Therefore, appellant=s notices of appeal do
not comply in form with the requirements of rule 25.2(b)(3).  See Tex.
R. App. P. 25.2(b)(3). 

Because appellant's
notice of appeal did not comply with the requirements of rule 25.2(b)(3), we
are without jurisdiction to consider any of appellant's issues, including the
voluntariness of the plea.  See Cooper
v. State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001). The time for filing a
proper notice of appeal has expired; thus, appellant may not file an amended
notice of appeal to correct jurisdictional defects.  State v. Riewe, 13 S.W.3d 408, 413-14
(Tex. Crim. App. 2000). 








Absent appellate
jurisdiction, we can take no action other than to dismiss the appeal.  See Slaton v. State, 981 S.W.2d 208,
210 (Tex. Crim. App. 1998).  Accordingly,
we grant counsel=s motion to withdraw
from representing the appellant and dismiss the appeal for want of
jurisdiction. 

                                                              
                                                       

LINDA REYNA
YAÑEZ

Justice

 

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

29th day of August, 2002.

 

     

 

 











[1]See Tex.
Pen. Code Ann. ' 38.15 (Vernon Supp. 2002).





[2]See Tex.
R. App. P. 26.2(a)(2)
(providing notice of appeal must be filed within ninety days after sentence
imposed or suspended in open court if defendant timely files motion for new
trial).





[3]On June 25, 2001, the trial
court granted appellant=s second court-appointed
counsel permission to withdraw because of appellant=s Arude, loud, defiant and
dogmatic attitude.@  By the same order, the trial court appointed
William ABill@ McManus as appellant=s third court-appointed
counsel.  McManus filed an Anders brief,
see Anders v. California, 386 U.S. 738 (1967), and has requested permission
to withdraw as appellant=s counsel.