In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00792-CR

____________


SHEARONDREA DIANNE WALKER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 916097






MEMORANDUM OPINION

 Appellant, Shearondrea Dianne Walker, pleaded guilty to possession of less
than one gram of cocaine. Appellant entered into a plea bargain agreement with the
State in which the State recommended that punishment be assessed at 14 months'
confinement in state jail. The trial court followed the terms of the plea agreement in
assessing punishment. Appellant filed timely notice of appeal. We dismiss the
appeal for lack of jurisdiction.

 When a defendant in a criminal case pleads guilty or no contest after having
reached a plea bargain agreement with the State, and the trial judge sentences the
defendant in accordance with the plea bargain agreement, the notice of appeal must
comply with Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. The rule
states that, in such a case, "the notice must: (A) specify that the appeal is for a
jurisdictional defect; (B) specify that the substance of the appeal was raised by
written motion and ruled on before trial; or (C) state that the trial court granted
permission to appeal." Tex. R. App. P. 25.2(b)(3).

 However, it is not enough that the notice of appeal include recitations
meeting the extra-notice requirements of the rule. Such recitations must be supported
by the record and be true. Appellant must, in good faith, comply in both form and
substance with the extra-notice requirements. Noncompliance, either in form or in
substance, will result in a failure to properly invoke this Court's jurisdiction over an
appeal to which the rule applies. Flores v. State, 43 S.W.3d 628, 629 (Tex.
App.--Houston [1st Dist.] 2001, no pet.); Betz v. State, 36 S.W.3d 227, 228-29 (Tex.
App.--Houston [14th Dist.] 2001, no pet.); Sherman v. State, 12 S.W.3d 489, 492
(Tex. App.--Dallas 1999, no pet.).


 Appellant's notice of appeal includes the following recitations:

 The Defendant further alleges that if this appeal is from a
judgment rendered on a plea of guilty or nolo contendere that the
trial court granted permission to appeal; and that if the trial court
did not exceed the prosecutor's recommended punishment, that
this appeal is for a jurisdictional defect; and that the substance of
the appeal was raised by written motion and ruled on before trial.


 However, according to the clerk's record, no pretrial motions were filed. 
In addition, the trial court judgment was stamped, "Appeal waived. No permission
to appeal granted." Finally, it is apparent from the record that the trial court had
jurisdiction over the case. Therefore, appellant's notice of appeal does not comply
in substance with the requirements of Rule 25.2(b)(3).

 We also note that appellant's written waiver of her right to appeal was
effective because the trial court followed the plea bargain agreement. See Buck v.
State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

 We dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Hedges, Keyes, and Duggan. (1)

Do not publish. Tex. R. App. P. 47.
1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.