In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-01042-CR

____________


CARL EUGENE SMITH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 918013






MEMORANDUM OPINION

 Appellant pleaded guilty to engaging in organized criminal activity after 
entering into a plea bargain agreement with the State in which the State would
recommend that punishment be assessed at two years' confinement. The trial court
followed the terms of the plea agreement in assessing punishment. Appellant filed
a timely notice of appeal. We dismiss the appeal for lack of jurisdiction.

 In a plea-bargained felony case, the notice of appeal must comply with Rule
25.2(b)(3) of the Rules of Appellate Procedure or the appellate court lacks
jurisdiction. See White v. State, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001); Cooper
v. State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); Tex. R. App. P. 25.2(b)(3).

 However, it is not enough that the notice of appeal include recitations
meeting the extra-notice requirements of the rule. Such recitations must be supported
by the record and be true. Appellant must, in good faith, comply in both form and
substance with the extra-notice requirements. Noncompliance, either in form or in
substance, will result in a failure to properly invoke this Court's jurisdiction over an
appeal to which the rule applies. Flores v. State, 43 S.W.3d 628, 629 (Tex.
App.--Houston [1st Dist.] 2001, no pet.); Betz v. State, 36 S.W.3d 227, 228-29 (Tex.
App.--Houston [14th Dist.] 2001, no pet.); Sherman v. State, 12 S.W.3d 489, 492
(Tex. App.--Dallas 1999, no pet.).

 Appellant's notice of appeal includes the following:

 The Defendant further alleges that if this appeal is from a
judgment rendered on a plea of guilty or nolo contendere that the
trial court granted permission to appeal; and that if the trial court
did not exceed the prosecutor's recommended punishment, that
this appeal is for a jurisdictional defect; and that the substance of
the appeal was raised by written motion and ruled on before trial.


However, according to the record, the trial court's judgment reflects the trial court did
not grant permission for an appeal. Further, it is apparent from the record that the
trial court had jurisdiction. Finally, the clerk's record includes only one pretrial
motion filed by appellant: a motion for the appointment of counsel that the trial court
granted. Therefore, appellant's notice of appeal does not comply in substance with
the requirements of rule 25.2(b)(3).

 We also note that appellant's written waiver of his right to appeal was
effective because the trial court followed the plea bargain agreement. See Buck v.
State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

 We dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Alcala, and Price. (1)

Do not publish. Tex. R. App. P. 47.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.