NUMBERS
13-01-193-CR

         13-01-194-CR

  13-01-195-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

COREY WILLIAMS,                                                               Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 130th District Court

                                of
Matagorda County, Texas.

__________________________________________________________________

 

                          MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Rodriguez and Dorsey[1]

                                Opinion by Justice Rodriguez








Appellant, Corey Williams, brings these appeals[2]
following the revocation of his community supervision.  By four issues, appellant contends: (1) his
plea of guilty was not voluntarily given; (2) he was denied effective
assistance of counsel; (3) he was denied a direct appeal; and (4) that this
Court Aeither directly
or indirectly fashioned a construction of rule 33.2 so as to achieve a desired
reading that . . . is unconstitutionally vague . . . and . . . was accomplished
through judicial enlargement.@  We affirm.

As this is a memorandum opinion not designated for publication, and
the parties are familiar with the facts, we will not recite them here.  See Tex.
R. App. P. 47.1, 47.2.

I.  Jurisdiction

We first consider whether we have jurisdiction to decide this appeal.








Because appellant pled guilty pursuant to plea agreements, and the
punishment assessed did not exceed the punishment recommended by the State and
agreed to by appellant, the notices of appeal must: (1) specify that each
appeal is for a jurisdictional defect; (2) specify that the substance of each
appeal was raised by written motion and ruled on before the trial court; or (3)
state that the trial judge granted permission to appeal.  Tex.
R. App. P. 25.2(b)(3) (Tex. 1997, amended 2003) (current version at Tex. R. App. P. 25.2(a)(2));[3]
see Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002).  However, it is not enough that the notices of
appeal include recitations meeting the extra-notice requirements of the
rule.  Flores v. State, 43 S.W.3d
628, 629 (Tex. App.BHouston [1st Dist.]
2001, no pet.); Sherman v. State, 12 S.W.3d 489, 492 (Tex. App.BDallas 1999, no
pet.).  Appellant must, in good faith,
comply in both form and substance with the extra-notice requirements, and the
record must substantiate the specific allegations in the notice of appeal.  Flores, 43 S.W.3d at 629; Betz v.
State, 36 S.W.3d 227, 228 (Tex. App.BHouston [14th Dist.]
2001, no pet.).  The failure of an
appellant to properly follow rule 25.2(b)(3) deprives an appellate court of
jurisdiction over the appeal.  Woods,
68 S.W.3d at 669.

Moreover, these requirements also apply to appeals from a judgment
adjudicating guilt when the parties agreed to deferred adjudication probation
pursuant to a plea bargain at the original proceeding on issues relating to his
conviction.  See  id.  Because
the issues raised by appellant all relate to his conviction it was necessary
for appellant to comply with the notice requirements of rule 25.2(b)(3) to
properly invoke our jurisdiction.  See
id. (ARule 25.2(b)(3)
controls an appeal, made either before or after an adjudication of guilt, by a
defendant placed on deferred adjudication who challenges an issue relating to
his conviction.@).  













In this instance, each notice of appeal provides the Aappeal is for
jurisdictional, as well as nonjurisdictional [sic], defects; for substantive
matters raised by written motion and ruled on before trial; and, the trial
judge gave permission to appeal (to be given).@  However,
the records in all three appeals reveal that appellant has failed to satisfy
the substance requirements of rule 25.2(b)(3). 
First, nothing in the records indicate appellant challenged the trial
court=s jurisdiction in the
court below.  In other words, the records
do not substantiate the lack of jurisdiction appellant intimates in his notice
of appeal.  See Betz, 36 S.W.3d at
228.  Second, we do not find any written
motions rendered against appellant that form the substance of this appeal.  See id.  Third, the records do not indicate that the
trial court gave appellant permission to appeal.  Appellant appears to rely on a form stamped
notation on the docket sheets as evidence that the trial court gave appellant
permission to appeal.  The form stamped
statement reads, in part,A[appellant] admonished
that he has a right to appeal this case to the Court of Appeals, and if he is
without funds then the Court will appoint counsel and a record will be
furnished to perfect such appeal.@  However, we do not find this as evidence that
the trial court gave appellant permission to appeal.  See Lowry v. State, 48 S.W.3d 309, 311
(Tex. App.BSan Antonio 2001, no
pet.) (holding stamped notation on docket sheet stating defendant admonished on
limitations of right to appeal is not evidence that trial court gave permission
to appeal).  Thus, appellant=s notices of appeal do
not comply with the substance requirements of rule 25.2(b)(3).  See Flores, 43 S.W.3d at 629.  Because appellant=s notices of appeal do
not properly follow rule 25.2(b)(3), we do not have jurisdiction over these
appeals.  See Tex. R. App. P. 25.2(b)(3) (Tex. 1997,
amended 2003) (current version at Tex.
R. App. P. 25.2(a)(2)); Woods, 68 S.W.3d at 669.  

Accordingly, we dismiss these appeals for want of jurisdiction.

Furthermore, based on our disposition of these appeals, we dismiss the
State=s motion to dismiss
the appeals for want of jurisdiction as moot.

 

NELDA
V. RODRIGUEZ

Justice

Do not
publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and filed

this 16th day of
January, 2003.                                       











[1]Retired
Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.
Gov=t Code Ann. '
74.003 (Vernon 1998).





[2]Appellant
filed one brief in these three separate appeals.  As a matter of judicial efficiency, we are
incorporating appellant=s three appeals
into this one opinion.





[3]Because
the amendments to the Texas Rules of Appellate Procedure became effective
January 1, 2003, we will apply the rule that was in effect at the time of his
notice on March 19, 2001.