Marc Anthony **CASTANEDA,**
Appellant,

v.

The **STATE of Texas, Appellee.**

No. 01–01–01229–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 13, 2003.

David Suhler, Houston, for Appellant.

Kevin P. Keating, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney—Harris County, Houston, for Appellee.

Panel consists of Justices TAFT, KEYES and HIGLEY.

## OPINION

LAURA C. HIGLEY, Justice.

Appellant, Marc Antony Castaneda, challenges his adjudication of guilt for sexual assault of a child. In his first issue, appellant requests us to abate this appeal and remand the cause to the trial court for a hearing to determine whether appellant had counsel, and whether he received effective assistance of counsel, during the 30–day period for filing a motion for new trial. In his second issue, appellant complains that his due process rights were violated because the ground supporting the trial court's adjudication of guilt was not contained in the State's motion to adjudicate.

We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

On January 21, 1999, appellant pled guilty to sexual assault of a child. In accordance with the terms of the plea bargain agreement, the trial court deferred

adjudication of guilt, placed appellant on community supervision for eight years, and assessed a $750 fine. Appellant did not appeal that ruling. The State later filed a motion to adjudicate guilt, to which appellant entered a plea of true. On November 13, 2001, the trial court adjudicated appellant guilty of sexual assault of a child and assessed punishment at four years in prison, pursuant to the parties' agreement on the plea of true. In support of the adjudication, the trial court found that appellant violated the terms and conditions of his community supervision by leaving Harris County. Appellant had retained counsel at the time of the adjudication of guilt and sentencing.

Appellant filed a hand-written, pro se notice of appeal on November 21, 2001, which stated, "I want to appeal my 4 year sentence that I received in the 185th Judicial District Court...." The trial court signed a hand-written order denying appellant permission to appeal. On November 29, 2001, appellant filed another notice of appeal, which was type-written, entitled "Defendant's Original Pro Se Notice of Appeal." Appellant's second notice of appeal incorrectly stated that "the trial court granted permission to appeal." Although not supported by the record, the notice of appeal also provided that the substance of the appeal was for a jurisdictional defect and for a matter that was raised by written motion that was ruled on before trial. Appellant did not file a motion for new trial during the 30-day period following sentencing.

On February 28, 2002, this Court issued an order abating this appeal and ordering the trial court to conduct a hearing to determine whether appellant wished to prosecute his appeal and to determine whether appellant was indigent. At the conclusion of the hearing, the trial court found that appellant wished to proceed with his appeal, was indigent, and was entitled to appointed counsel. The trial court also stated on the record that, in spite of the representations in appellant's second notice of appeal, it had never granted appellant the right to appeal. The trial court signed an order appointing appellate counsel on March 7, 2002. We reinstated the appeal on March 15, 2002.

## JURISDICTION

■ As a threshold matter, we discuss the State's contention that we are without jurisdiction to consider the merits of this appeal because appellant failed to file a notice of appeal conforming with former Texas Rule of Appellate Procedure 25.2(b)(3). We agree.

Texas Rule of Appellate Procedure 25.2 was amended effective January 1, 2003. *See Final Approval of Amendments to The Texas Rules of Appellate Procedure* (Tex.Crim.App. Dec. 23, 2002, order) (order adopting new appellate rules). Because this case was appealed and briefed prior to that date, the rules of appellate procedure applicable before January 1, 2003 apply.

■ According to former Rule 25.2(b)(3), a defendant who pled guilty or nolo contendere pursuant to a plea bargain to a felony charge and was sentenced in accordance with that plea bargain had to comply with the notice provisions of that rule to perfect his appeal. FORMER TEX. R.APP. P. 25.2(b)(3), 948–949 S.W.2d (Tex. Cases) XLI, XCVI (Tex.Crim.App.1997). The former rule required a notice of appeal filed by such a defendant to (1) specify that the appeal is for a jurisdictional defect, (2) specify that the substance of the appeal was raised by written motion and ruled on before trial, or (3) state that the trial court granted permission to appeal. *Id.* When former Rule 25.2(b)(3) applies, the failure of an appellant to follow the

rule deprives this Court of jurisdiction over the appeal. *White v. State*, 61 S.W.3d 424, 428–29 (Tex.Crim.App.2001) (holding that failure to follow former Rule 25.2(b)(3)(A) was jurisdictional). Furthermore, Rule 25.2(b)(3)'s notice provisions apply to defendants who are placed on deferred adjudication probation. *Woods v. State*, 68 S.W.3d 667, 669 (Tex.Crim.App. 2002); *Vidaurri v. State*, 49 S.W.3d 880, 884–85 (Tex.Crim.App.2001).

■ This case involves two plea agreements: the first when appellant pled guilty to the felony charge of sexual assault of a child and was placed on community supervision, and the second when he pled true to the State's allegations in its motion to adjudicate guilt and was sentenced to four years' confinement. For former Rule 25.2(b)(3) purposes, "when a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law." *Vidaurri*, 49 S.W.3d at 885 (quoting *Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App.1996)). Here, after it adjudicated appellant guilty, the trial court not only sentenced appellant within the applicable punishment range allowed by law, it sentenced appellant to four years' confinement in accordance with the specific terms of the second plea agreement. Accordingly, appellant was required to comply with the provisions of former Rule 25.2(b)(3) in filing his notice of appeal.

■ It is not enough that the notice of appeal include recitations meeting the extra-notice requirements of the rule. *Flores v. State*, 43 S.W.3d 628, 629 (Tex. App.-Houston [1st Dist.] 2001, no pet.). Such recitations must be supported by the record and be true. *Id.* Appellant must, in good faith, comply in both form and substance with the extra-notice requirements. *Id.* Noncompliance, either in form *or in substance*, will result in a failure to properly invoke this Court's jurisdiction over an appeal to which the rule applies. *Id.*

In appellant's second notice of appeal filed November 29, 2001, appellant claimed that the trial court had granted him permission to appeal, that the appeal was for a jurisdictional defect, and that the substance of the appeal was raised by written motion and ruled on before trial. However, according to the record, the trial court expressly denied appellant permission to appeal. Further, it is apparent from the record that the trial court had jurisdiction. Finally, the clerk's record includes only two pretrial motions filed by appellant: a motion for substitution of counsel and a motion for community supervision filed at the time appellant was placed on community supervision. Therefore, appellant's notice of appeal does not comply in substance with the requirements of former Rule 25.2(b)(3).

## CONCLUSION

We dismiss the appeal for lack of jurisdiction.