Opinion Issued October 23, 2003











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00455-CR




JEFFREY EDWARD STEINOCHER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 26,967



 
 
 
O P I N I O N
          Appellant, Jeffrey Edward Steinocher, pleaded guilty to two counts of
aggravated assault. Pursuant to a plea bargain agreement, the trial court deferred
adjudication of guilt and placed appellant on five years’ probation. After the State
filed a motion to adjudicate guilt, appellant entered a plea of true, and the trial court
adjudicated appellant guilty of aggravated assault and assessed punishment at 16
years’ confinement. The trial court denied appellant’s request to appeal. In four
issues, appellant (1) challenges the trial court’s denial of his request to appeal; (2)
contends that his original plea was involuntary; (3) argues that there was insufficient
evidence to establish that he committed aggravated assault; and (4) seeks reformation
of the judgment to reflect additional credit for time served. We lack jurisdiction to
consider issues one through three and affirm the judgment as to issue four. 
Background
          On July 2, 1996, appellant pleaded guilty to two counts of aggravated assault. 
Pursuant to a plea bargain agreement, the trial court deferred adjudication of guilt 
and placed appellant on five years’ probation with several conditions. While
appellant was on probation, and in response to the State’s motion, the court increased
appellant’s probation term to 10 years and imposed several additional probation
conditions. In February 2000, appellant pleaded true to the State’s motion to
adjudicate guilt. One month later, the trial court adjudicated appellant guilty and
sentenced him to 16 years’ confinement. 
          In September 2002, appellant filed a motion with the trial court to obtain
permission to appeal; the trial court denied the motion. In October 2002, the trial
court again denied appellant permission to appeal either the original judgment, in
which deferred adjudication was granted, or the latter judgment, in which the deferred
adjudication was revoked and appellant was sentenced. Appellant then filed an
amended notice of appeal with the District Attorney claiming that his original plea
was involuntary, that there was insufficient evidence to support his plea, and that he
should receive credit against his sentence for concurrent additional time served on
other cases. Appellant admits in his notice of appeal that the trial court did not give
its permission to appeal, but claims that such denial was improper. 
Jurisdiction
          As a threshold matter, we must first discuss the State’s contention that we are
without jurisdiction to consider the merits of this appeal because appellant has failed
to comply with the requirements of former Texas Rule of Appellate Procedure
25.2(b)(3).


 We agree as to appellant’s first three issues. 
          According to former Rule 25.2(b)(3), in order to perfect his appeal, a defendant
who pleaded guilty or nolo contendere pursuant to a plea bargain and was sentenced
in accordance with the bargain had to comply with the extra-notice provisions of the
rule. Specifically, in such a case, the notice of appeal had to state: (1) the appeal was
for a jurisdictional defect, (2) the substance of the appeal was raised by written
motion and ruled on pre-trial, or (3) the trial court granted permission to appeal. See
former Tex. R. App. P. 25.2(b)(3). The Court of Criminal Appeals held that former
Rule 25.2(b)(3) applied to defendants placed on deferred adjudication probation.
Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002). Rule 25.2(b)(3)
controlled appeals made either before or after an adjudication of guilt by a defendant
placed on deferred adjudication who challenged an issue relating to his conviction. 
The only exception to this rule was that an appellant sentenced under a guilty plea
agreement could appeal issues unrelated to his conviction. Kirtley v. State, 56 S.W.3d
48, 51 (Tex. Crim. App. 2001); Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim.
App. 2001). When Rule 25.2(b)(3) applied, the failure of an appellant to follow the
rule deprived this Court of jurisdiction over the appeal. White v. State, 61 S.W.3d
424, 428-29 (Tex. Crim. App. 2001). 
          In this case, appellant and the State entered into a plea agreement when
appellant pleaded guilty to the aggravated assault charges and was placed on deferred
adjudication as per the plea bargain. For Rule 25.2(b)(3) purposes, “when a
prosecutor recommends deferred adjudication in exchange for a defendant’s plea of
guilty or nolo contendere, the trial judge does not exceed that recommendation if,
upon proceeding to an adjudication of guilty, he later assesses any punishment within
the range allowed by law.” Vidaurri, 49 S.W.3d at 885. Here, after the trial court
adjudicated appellant guilty, the trial court sentenced appellant to 16 years—a 
punishment within the applicable punishment range allowed by law for two counts
of aggravated assault with a deadly weapon (two-20 years confinement). Therefore,
appellant was required to comply with Rule 25.2(b)(3) in filing his appeal. 
          Appellant failed to comply with Rule 25.2(b)(3). He first filed a general notice
of appeal that lacked the extra-notice provisions of the rule. In an amended notice of
appeal, appellant specified his four issues for appeal. However, a notice of appeal
must include recitations meeting the extra-notice requirements of the rule. Tex. R.
App. P. 25.2(b)(3)(A)-(C). In his amended notice, appellant amended notice, he still
did not comply with the extra-notice requirements of the rule. Thus, his amended
appeal was also a general notice of appeal. As this court has held, “noncompliance,
either in form or in substance, will result in a failure to properly invoke this Court’s
jurisdiction over an appeal to which the rule applies.” Flores v. State, 43 S.W.3d 628,
629 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Here, by not specifying that he
was appealing a jurisdictional issue, one that was raised by a written pretrial motion,
or with the trial court’s permission, appellant failed to comply in form with the rule. 
Because appellant’s notice of appeal does not comply with the requirements of former
Rule 25.2(b)(3), we lack jurisdiction to consider appellant’s first three issues. 
 
Credit for Time Served
          In his fourth issue, appellant claims that the judgment should be reformed to
give him additional credit for time served. As this issue is unrelated to his conviction,
the Viduarri exception applies, and conformity with Rule 25.2(b)(3) was not required.
Viduarri 49 S.W.3d at 885 (holding that the limitations of Rule 25.2(b)(3) do not
apply to an appeal raising an issue unrelated to conviction); see also Kirtley v. State,
56 S.W.3d at 51. Therefore, we address the merits of appellant’s fourth issue.


 
          Appellant argues that, while he was on deferred adjudication probation and
while a motion to adjudicate was pending, he was sentenced to two concurrent state
jail felony sentences of two years and 315 days. He claims that he should be given
credit for two years against the sentence in this case. 
          Article 42.03, section 2(a) provides that an appellant shall be given credit on
his sentence for the time he spent in jail from the time of his arrest until he is
sentenced, excluding confinement served as a condition of community supervision. 
Tex. Code Crim. Proc. art. 42.03 §2(a) (Vernon 2003). Here, the judgment reflects
that appellant received credit for 373 days. Although there are no findings or support
in the record to corroborate this determination of credit, appellant argues that the
credit reflects the time he spent in jail from September 2001, to April 22, 2002, plus
some time previously spent in jail while charges or motion to adjudicate were
pending. Nevertheless, appellant argues that he is entitled to an additional two years
credit for time served. While appellant may be entitled to additional jail credit under
article 42.03, section 2(a), the record is unclear. Therefore, appellant has not shown
he is entitled to two years credit on this case. As a result, we affirm the judgment.


 Conclusion
          We dismiss the appeal for lack of jurisdiction in part and affirm in part. 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Publish. Tex. R. App. P. 47.4.