Opinion issued on March 11, 2004.








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01098-CR




ERNEST WILLIAM FILBERTH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 3
Galveston County, Texas
Trial Court Cause No. 215043




MEMORANDUM OPINION

          Appellant, Ernest William Filberth, was charged by information with driving
while license suspended. Appellant pleaded no contest to a reduced charge of “no
driver’s license.” The trial judge found appellant guilty and set punishment at a fine
of $100. In three issues, appellant argues that (1) his plea of no contest to the reduced
charged of no driver’s license was not knowing, free, and voluntary; (2) his plea was
involuntary due to coercion and ineffectiveness of counsel; and (3) he was not
properly admonished by the trial court as mandated under article 26.13 of the Texas
Code of Criminal Procedure. We dismiss for want of jurisdiction.


Background
          Appellant was originally charged with driving while license suspended. By
agreement of the parties, the State reduced the charge to a lesser charge of no driver’s
license and appellant pleaded no contest. The prosecutor stated to the trial court that
a plea agreement had been reached in which appellant would plead no contest to the
charge of no driver’s license and the State would recommend a $100 fine. When
asked by the trial court if that was the agreement, appellant’s trial attorney stated,
“Yes, sir,” while appellant stood silent. The trial court then asked, “What is your plea
to the reduced charge?” and appellant’s trial attorney replied, “No contest.” The trial
court accepted appellant’s plea, found appellant guilty of the lesser charge of driving
without a license, and set punishment at a fine of $100. 
          The trial court signed the judgment on July 22, 2002. On August 21, 2002,
appellant filed a pro se motion for new trial, and the trial court denied the motion on
August 22, 2002. On September 12, 2002, appellant filed a pro se notice of appeal,
notifying the court of his intent to appeal. On September 17, 2002, appellant filed a
second pro se notice of appeal which added that (1) he was deceived and coerced by
his attorney, (2) he should have been found not guilty, (3) the plea bargain was “not
what [his] attorney had promised [, and] the case should have been continued so the
proper evidence could be provided to the court which would have demonstrated a
NOT guilty directed verdict,” and (4) his attorney made an agreement with the State
without his knowledge that “in fact was totally contrary to what [his attorney] said he
could and would do.” Jurisdiction
          According to former rule 25.2(b)(3),


 in order to perfect his appeal, a defendant
who pleaded guilty or no contest pursuant to a plea bargain and was sentenced in
accordance with the bargain had to comply with the extra-notice provisions of the
rule. Specifically, in such a case, the notice of appeal had to state: (1) the appeal was
for a jurisdictional defect, (2) the substance of the appeal was raised by written
motion and ruled on pre-trial, or (3) the trial court granted permission to appeal. See
former Tex. R. App. P. 25.2(b)(3). When rule 25.2(b)(3) applied, the failure of an
appellant to follow the rule deprived this Court of jurisdiction over the appeal. See
White v. State, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001). 
          In this case, appellant and the State entered into a plea agreement when
appellant pleaded no contest to the reduced charge of “no driver’s license” and agreed
to a $100 fine as per the plea bargain. The trial court fined appellant $100; therefore,
appellant was required to comply with former rule 25.2(b)(3) in filing his appeal.
          Appellant failed to comply with former rule 25.2(b)(3). He first filed a general
notice of appeal that lacked the extra-notice provisions of the rule. In an amended
notice of appeal, appellant specified his four issues for appeal, but he failed to allege
a jurisdictional defect, that the appeal pertained to pretrial motions, or that the trial
court gave him permission to appeal. See former Tex. R. App. P. 25.2(b)(3)(A)–(C). 
Appellant failed to comply with the rule. “Noncompliance, either in form or in
substance, will result in a failure to properly invoke this Court’s jurisdiction over an
appeal to which the rule applies.” Flores v. State, 43 S.W.3d 628, 629 (Tex.
App.—Houston [1st Dist.] 2001, no pet.). Because appellant’s notice of appeal does
not comply with the requirements of former rule 25.2(b)(3), we lack jurisdiction to
consider appellant’s complaints. 

Conclusion
          We dismiss this appeal for want of jurisdiction.
 

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Hanks.
Do not publish. Tex. R. App. P. 47.4.