**Marcus Carroll SHERMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–97–00621–CR.**

Court of Appeals of Texas, Dallas.

July 1, 1999.

Terri Hamby, Richardson, for appellant.

Tammy Harrison, Asst. Dist. Atty., Dallas, for State.

Before Justices LAGARDE, MOSELEY, and BRIDGES.

## OPINION

Opinion By Justice LAGARDE.

Appellant Marcus Carroll Sherman was indicted for and, on his negotiated plea of guilty, found guilty of deadly conduct by discharging a firearm in the direction of an occupied habitation. The trial court assessed punishment at five years' confinement. In three points of error on appeal from the resulting judgment, appellant complains of three violations of due process. For reasons given below, we dismiss this appeal for lack of jurisdiction.

### Factual and Procedural Background

March 28, 1995, appellant pleaded guilty to a charge of deadly conduct in exchange for ninety days' confinement, a $500 fine, and deferred adjudication probation for five years. On August 28, 1996, the State moved to adjudicate guilt. On March 14, 1997, the trial court signed an order adjudicating guilt and sentencing appellant to five years' confinement. On the same date, appellant filed a general notice of appeal.

■ If a negotiated plea of guilty results in deferred adjudication, rule 25.2(b)(3) of the Texas Rules of Appellate Procedure applies to the appeal of a judgment of conviction after adjudication of guilt. *Watson v. State,* 924 S.W.2d 711, 713–14 (Tex.Crim.App.1996) (construing predecessor rule). On June 15, 1998, appellant filed his brief on the merits of the appeal. Simultaneously, appellant, through his attorney, filed an amended notice of appeal. The amended notice stated, in pertinent part, "The appeal is for a jurisdictional defect; to specify the substance of the appeal was raised by written motion and ruled on before trial; and/or the trial court granted the defendant permission to appeal." In other words, appellant's amended notice of appeal complies in form with the extra-notice requirements of rule 25.2(b)(3). Under the new rules of appellate procedure, effective September 1, 1997, an appellant may amend his notice of appeal as a matter of right before his brief is filed. *See* TEX.R.APP. P. 25.2(d).[1]

This case was submitted on appellant's original brief, which raised three due process issues. Appellant asserts that he was denied due process because: (1) the trial court did not conduct a hearing before adjudicating him guilty; (2) the trial court did not conduct a punishment hearing before sentencing him; and (3) if the trial

---

1. The State argues that because this appeal was perfected under the former rules of appellate procedure, appellant's amended notice of appeal cannot confer jurisdiction on this Court because it was untimely. *Davis v. State,* 870 S.W.2d 43, 47 (Tex.Crim.App. 1994). The Texas Court of Criminal Appeals directs us to apply the new rules to cases pending on September 1, 1997, the effective date of the new rules, unless that application would not be feasible or would work injustice.

*See* ORDER APPROVING THE TEXAS RULES OF APPELLATE PROCEDURE, Misc. Docket No. 97–9139 (Tex.Crim.App. Aug. 15, 1997), reprinted at 60 TEX. B.J. 876 (1997). Although appellant's notice of appeal was filed before the new rule went into effect, his amended notice of appeal was filed after September 1, 1997; consequently, we will apply rule 25.2(b)(3) and consider the effect, if any, of appellant's amended notice of appeal.

court did conduct such hearings, appellant cannot obtain a record of those hearings.[2]

### Rule 25.2(b)(3)

■ This Court has jurisdiction to determine whether it has jurisdiction. *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim. App.1996) (citing *Ex parte Paprskar,* 573 S.W.2d 525, 527 (Tex.Crim.App.1978)). The jurisdictional issue we must resolve is: Does a specific notice of appeal complying only in form, but not in substance, with the extra-notice requirements of rule 25.2(b)(3) properly invoke this Court's jurisdiction? We conclude that it does not.

■ Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure sets out the form and sufficiency required of a notice of appeal to properly invoke this Court's appellate jurisdiction over an appeal from a judgment entered on an appellant's negotiated plea of guilty. The notice must: (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. Tex.R.App. P. 25.2(b)(3). The rule does not mean, however, that our jurisdiction is properly invoked by the filing of a specific notice of appeal complying only in form with the extra-notice requirements of the rule. To the contrary, if an appellant cannot, in good faith, file a specific notice of appeal complying, both in form and in substance, with the extra-notice requirements of rule 25.2(b)(3), he cannot successfully invoke this Court's jurisdiction. *See Manuel v. State,* 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999) (the appellant's notice of appeal could not truthfully state that the trial court had given permission for the appeal).

This Court has already so held in construing the extra-notice requirements of the predecessor to rule 25.2(b)(3). *See Solis v. State,* 890 S.W.2d 518, 520 (Tex.

App.-Dallas 1994, no pet.) (construing the extra-notice requirements of former rule 40(b)(1)). Statements required by the rule to be in the notice of appeal must be *true* to confer jurisdiction over nonjurisdictional issues. *Solis,* 890 S.W.2d at 520. Mere allegations are not enough to support a claim. An appellant must develop a record to substantiate his claims. *Solis,* 890 S.W.2d at 520.

■ Today, we specifically hold that in an appeal to which rule 25.2(b)(3) applies, in order to properly invoke this Court's jurisdiction over the appeal, there must be compliance, both in form and in substance, with the extra-notice requirements of the rule. Compliance with rule 25.2(b)(3) is not merely a matter of form, it is a matter of substance as well. Not only must the specific notice of appeal recite the applicable extra-notice requirements, the record must substantiate the recitations in the notice of appeal. Noncompliance, either in form or in substance, will result in a failure to properly invoke this Court's jurisdiction over an appeal to which rule 25.2(b)(3) applies. Absent proper invocation of this Court's jurisdiction, this Court has no jurisdiction over an appeal. Without jurisdiction over an appeal, the only action this Court can take is to dismiss the appeal. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App. 1998)(per curiam).

### Ethical Considerations

■ A lawyer shall not knowingly make a false statement of material fact to a tribunal. Tex. Disciplinary R. Prof'l Conduct 3.03(a)(1), *reprinted in* Tex. Gov't.Code Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar. R. art. X, § 9). Nothing in rule 25.2(b)(3) abrogates this rule of professional conduct or diminishes the duty of an attorney, as an officer of the court, to be candid with the tribunal. Yet appellant's attorney filed the amended

---

**2.** We do not address these issues because we conclude that we lack jurisdiction over this appeal.

notice of appeal on the very day she tendered her original brief. She necessarily knew, therefore, that the trial court had not given permission to appeal and that the brief did not raise issues involving pretrial rulings on written motions. To prepare her brief, she had reviewed the record and, if she could find where the record reflects the trial court's permission to appeal, she did not so inform this Court even when given the express opportunity to do so in a postsubmission brief. Giving appellant's attorney the benefit of the doubt that she was motivated by the best interest of her client to be duly diligent, we will indulge the presumption—this time—that appellant's attorney understood rule 25.2(b)(3) to require only rote, mechanical recitations to invoke this Court's jurisdiction. We will not be so indulgent again.

*Supplemental Briefing*

Concerned with whether this Court's jurisdiction over appellant's appeal had been properly invoked, after submission of this case we ordered the parties to brief the issue of this Court's jurisdiction over this appeal. The State complied promptly with a brief arguing that we do not, in fact, have jurisdiction. Appellant belatedly filed a "supplemental brief." Rather than strictly complying with our order to address this Court's jurisdiction over his appeal, appellant's supplemental brief contains seven supplemental issues, attempting to recast his due process arguments as jurisdictional arguments, and raising for the first time the issue of the voluntariness of his plea. Appellant did not brief why we had jurisdiction over the appeal at the time of submission; appellant improperly attempts to entirely rebrief. To the extent that appellant's supplemental issues exceed the scope of our postsubmission briefing order, we do not address them.

To the extent they can be read to implicate jurisdiction, we address them as follows.

Notwithstanding the fact that appellant filed an amended notice of appeal stating both that "the substance of the appeal was raised by written motion and ruled on before trial . . . and . . . that the trial court granted the defendant permission to appeal," appellant does not argue that this Court's jurisdiction was invoked for either of those reasons. Appellant's only attempt to argue that this Court has jurisdiction focuses on that part of the amended notice of appeal stating "[t]he appeal is for a jurisdictional defect."

■ Appellant argues that the trial court's failure to conduct hearings is a jurisdictional issue. Appellant notes that section 5(b) of article 42.12 of the Texas Code of Criminal Procedure entitles a defendant to an adjudication hearing before the trial court adjudicates guilt and assesses punishment, following deferment of guilt. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1999). Appellant then concludes that article 42.12, section 5(b), "[l]ike article 42.12, [section] 10,"[3] is a jurisdictional provision.

Appellant cites two cases, entirely inapposite. The first holds simply that a trial court's extension of the period of deferred adjudication is not void if the extension occurs before the expiration of the original probationary period. *Bailey v. State*, 888 S.W.2d 600, 603–04 (Tex.App.-Beaumont 1994, no pet.). The second case is *Furrh v. State*, 582 S.W.2d 824, 826–28 (Tex. Crim.App.1979) (op. on mot. for reh'g), to which appellant adds a parenthetical, "must follow statute or court loses jurisdiction to revoke." In *Furrh*, the State filed a motion to revoke probation. On the basis of that motion, the trial court modi-

**3.** Article 42.12, section 10, provides that only the court in which a defendant is tried may grant or revoke community supervision, unless that court transfers jurisdiction to another court. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 10 (Vernon Supp.1999). Whatever the import of that section is on a trial court's jurisdiction, the section has no relevance to this case.

fied the terms of the defendant's probation. The court then revoked the defendant's probation without the defendant having committed any further probation violation. The court of criminal appeals concluded that, once the trial court exercised its authority to modify the terms of probation, it was "without authority to change that disposition at a subsequent hearing at which no further violation of probation was shown." *Furrh*, 582 S.W.2d at 827. The court concluded that the trial court's revocation of the defendant's probation was an "abuse of discretion." *Furrh*, 582 S.W.2d at 827. But the trial court in *Furrh* clearly had jurisdiction to do what it did; it had the discretion to decide whether to revoke the defendant's probation. It merely abused its discretion. Appellant confuses statutory authority to take certain action with jurisdiction. Both *Bailey* and *Furrh* are inapplicable.

■ Appellant acknowledges that, under certain circumstances, a defendant may waive a hearing on the State's motion to proceed to adjudication. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (Vernon Supp.1999) (prisoner may waive hearing in writing). Appellant simply concludes that, because he did not waive a hearing, the trial court did not have jurisdiction to proceed without a hearing. But it is fundamental that parties to a suit can neither confer nor waive jurisdiction by agreement or consent. *Stine v. State*, 908 S.W.2d 429, 431 (Tex.Crim.App.1995). That an adjudication hearing may be waived conclusively establishes that a hearing is not a jurisdictional prerequisite for the trial court to adjudicate guilt. *Vidaurri v. State*, 981 S.W.2d 478, 479 (Tex.App.-Amarillo 1998, pet. granted on other grounds, Order of May 12, 1999, Texas Court of Criminal Appeals, in Cause No. 99–0151, *Vidaurri v. State*); *State v. Baize*, 947 S.W.2d 307, 311 (Tex.App.-Amarillo 1997), *aff'd*, 981 S.W.2d 204 (Tex.Crim.App.1998).

■ Appellant next argues for the first time that his guilty plea was not voluntary because he would not have pleaded guilty if he had been warned that the trial court could have adjudicated him guilty without a hearing. He states that he "reasonably believed the court would follow the Texas Code of Criminal Procedure." In effect, appellant's argument is that a plea is retroactively involuntary if the trial court commits any error after the plea is entered. Because this issue was not raised in appellant's original brief on which this case was submitted and because it exceeds the scope of the sole jurisdictional issue on which we ordered postsubmission briefing, we do not address it. Nevertheless, we note that appellant concedes the record reflects a prima facie showing that his plea was voluntary.

■ Appellant then argues that, for a variety of reasons, the Texas Court of Criminal Appeals acted unconstitutionally when it promulgated new rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. To the extent we understand appellant's arguments, we decline appellant's invitation to address the constitutionality of a rule promulgated by the Texas Court of Criminal Appeals, the state's court of last resort for criminal appeals. As an intermediate appellate court, we are not the appropriate forum to do so. *See Jones v. State*, 900 S.W.2d 421, 423 (Tex.App.-Texarkana 1995, no pet.) (intermediate court bound by rules promulgated by the Texas Court of Criminal Appeals).

■ Appellant's seventh supplemental issue asks us to remand this case to the trial court for lack of jurisdiction over the appeal because appellant was never sentenced. The only citation we are given to the record is "[*s*]*ee* (R.R. and App. Orig. Br. at *passim*)."[4] Appellant's first supplemental issue is that the trial court erred in adjudicating *and sentencing* appellant

---

**4.** We question whether such a citation is sufficiently specific to comply with rule 38.1(h) of the Texas Rules of Appellate Procedure.

without the appropriate hearings. Appellant cannot have it both ways: that the trial court erred in sentencing appellant and that we have no jurisdiction because appellant was never sentenced. Finally, if in fact we have no jurisdiction, the only action we can take is to dismiss this appeal. *Slaton,* 981 S.W.2d at 210. Appellant does not explain how we could remand the case to the trial court if we do not have jurisdiction over the appeal. Notwithstanding the fact that appellant characterizes his issues as implicating jurisdictional defects, the substance of appellant's argument remains the same: he was denied due process because the trial court did not conduct appropriate hearings before sentencing him.

 A due process challenge, however, is not a jurisdictional defect. *See Trevino v. State,* 962 S.W.2d 176, 177 (Tex.App.-Fort Worth 1998, pet. ref'd) (dismissing point of error for lack of appellate jurisdiction to consider appellant's assertion that section 5(b) of article 42.12 violated appellant's due process rights under the federal and state constitutions); *Kendall v. State,* 929 S.W.2d 509, 510 (Tex.App.-Fort Worth 1996, pet. ref'd) (dismissing appeal for lack of jurisdiction over appellant's assertion that arbitrariness of statute creating deferred adjudication violated due process). Although both appellant's original and postsubmission briefs purport to raise jurisdictional defects, they raise such issues only in form, not in substance. Notwithstanding appellant's amended notice of appeal to the contrary, no jurisdictional defects are raised. Moreover, appellant's briefs do not in any meaningful way brief the issue of this Court's jurisdiction over this appeal. We are not persuaded this Court has jurisdiction over this appeal.

*Conclusion*

Because appellant was convicted upon his negotiated plea of guilty, in order to properly invoke this Court's jurisdiction, he was required to file a notice of appeal complying, both in form and in substance, with the extra-notice requirements of rule 25.2(b)(3). Although appellant's amended notice of appeal complies in form with rule 25.2(b)(3), it does not comply in substance. The record does not support the allegations made therein. Nor are appellant's due process complaints jurisdictional defects.[5] We hold, therefore, that appellant's amended notice of appeal does not operate to properly invoke this Court's appellate jurisdiction. Our appellate jurisdiction not having been properly invoked, we must dismiss this appeal for lack of jurisdiction. *See Slaton,* 981 S.W.2d at 210. We therefore dismiss this appeal.

---

**5.** We note that with regard to jurisdictional defects, rule 25.2(b)(3) is more restrictive than former rule 40(b)(1) in that the former rule did not require an appellant to file a specific notice of appeal specifying that the appeal is for a jurisdictional defect as a prerequisite to raising jurisdictional issues. *See* former TEX. R. APP. P. 40(b)(1). Rule 25.2(b)(3) does. This Court has held, based on the plain language of rule 25.2(b)(3), that a specific notice of appeal specifying that the appeal is for a jurisdictional defect is a prerequisite to invoking this Court's jurisdiction over an appeal even when a jurisdictional defect is raised. *Trollinger v. State,* 987 S.W.2d 166, 167 (Tex.App.—Dallas 1999, no pet.).