NO. 07-01-0143-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 27, 2001

_____

JOSE ANGEL MEDINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 262ND DISTRICT COURT OF HARRIS COUNTY;

NO. 858716; HONORABLE MIKE ANDERSON, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Jose Angel Medina appeals from his conviction and sentence for possession of cocaine. We dismiss for lack of jurisdiction.

On January 16, 2001, pursuant to a plea bargain, appellant pled guilty in the 262nd District Court of Harris County, Texas, to a charge of possession of cocaine in the amount of more than four grams and less than 200 grams. The trial court honored the plea bargain

and sentenced appellant to incarceration in the Texas Department of Criminal Justice-Institutional Division for two years.

On January 29, 2001, appellant filed a *pro se* Notice of Appeal. In his notice appellant complains generally of the proceedings against him as being "permeated by unconstitutional actions and denials of [h]is rights to due process." He also complains of incompetent counsel, his rights being treated in a manner beneath the threshold of law and precedent, the basis of the charge, conduct of his guilty plea hearing, "prosecutional and judicial errors," and imposition of a cruel and unusual sentence. He appeals both the sentence and hearing based on "jurisdictional matters of constitutionality, abuse of discretion and matters of law and precedent."

Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which an arguably meritorious appeal can be predicated. Counsel thus concludes that the appeal is without merit. Counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court proceedings or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised

2

appellant of appellant's right to review the record and file a response to counsel's motion and brief.  The clerk of this court has likewise advised appellant of his right to file a response to counsel's motion and Anders brief.  Appellant has filed an unsigned form pleading entitled Request to Withdraw Appeal.  Otherwise, appellant has filed no response.

To perfect appeal from a judgment which was rendered on the defendant's plea of guilty or *nolo contendere*, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and was ruled on before trial; or (c) state that the trial court granted permission to appeal.  TRAP 25.2(b)(3).  If appeal as to an issue or matter is properly perfected as to form, a court must examine the record underlying the notice of appeal to determine if jurisdiction substantively exists as to the issue or matter in question.  See Sherman v. State, 12 S.W.3d 489, 492 (Tex.App.--Dallas 1999, no pet.).  Dismissal of an issue or the entire matter is appropriate unless both (1) the form of the notice of appeal is proper to perfect appeal as to the issue or matter, see Lyon v. State, 872 S.W.2d 732, 736-37 (Tex.Crim.App. 1994), and (2) the alleged jurisdiction is supported by the record.  See Sherman, 12 S.W.3d at 492.  In other words, if Rule 25.2(b)(3) is applicable, then for an appellate court to have its jurisdiction invoked over a matter, compliance with Rule 25.2(b)(3) is required as to both form and substance.  Id.

3

To describe the Notice of Appeal as a general notice is an understatement. Nevertheless, the notice does not state that the appeal is based upon matters raised by written motion ruled on before trial or that the trial court granted permission to appeal. The notice references, in a vague manner, jurisdiction of the trial court. See TRAP 25.2(b)(3).

The form of appellant's Notice of Appeal may arguably comply with TRAP 25.2(b)(3), insofar as stating that the appeal is for a jurisdictional question. Having examined the record for substantive compliance with such rule, however, we find that the record does not support compliance so as to invoke our appellate jurisdiction: (1) appellant's Notice does not state that the trial court gave permission to appeal, and the record reflects that it did not give permission; (2) the Notice of Appeal does not assert appeal from pre-trial motions, and the record contains no pre-trial motions which were overruled; and (3) jurisdiction was properly vested in the trial court by presentation of an indictment. See TEX. CONST. art. 5, § 12; Ex parte Long, 910 S.W.2d 485, 486 (Tex.Crim.App. 1995).

Because appellant has not invoked our jurisdiction, we must and do dismiss the appeal for lack of jurisdiction. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Moreover, because we have no jurisdiction over the appeal except to dismiss it, see id., we cannot and do not consider appellate counsel's Motion to Withdraw.


Phil Johnson
Justice


4

Do not publish.