NO. 07-00-0306-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 13, 2001

______________________________

FRANCISCO JAVIER OLVERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 263
RD
 DISTRICT COURT OF HARRIS COUNTY;

NO. 824786; HONORABLE JIM WALLACE, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Francisco Javier Olvera appeals from his conviction and sentence for unlawful possession of a firearm by a felon.  We dismiss for lack of jurisdiction.

 On April 6, 2000, pursuant to a plea bargain, appellant pled guilty to the charge of unlawful possession of a firearm by a felon, in the 263rd
 
District Court of Harris County, Texas.  The trial court honored the plea bargain and sentenced appellant to incarceration in the Texas Department of Criminal Justice-Institutional Division, for five years.  

Acting 
pro se
, appellant filed a general 
notice of appeal.  The trial court appointed appellate counsel, who has filed a Motion to Withdraw and a Brief in Support thereof.  In support of the motion to withdraw, counsel has certified that, in compliance with 
Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which an arguably meritorious appeal can be predicated.  Counsel concludes that the appeal is without merit.  Counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court proceedings or  judgment.  
See
 
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).   

Counsel has attached exhibits showing that a copy of the 
Anders
 brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant’s right to review the record and file a response to counsel’s motion and brief.  The clerk of this court has likewise advised appellant of his right to file a response to counsel’s motion and 
Anders
 brief.  Appellant has not filed a response.

To perfect appeal from a judgment which was rendered on the defendant’s plea of guilty or 
nolo contendere
, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal.  
Tex. R. App. P. 
25.2(b)(3).  Dismissal of an issue or the entire matter is appropriate unless both (1) the form of the notice of appeal is proper to perfect appeal as to the issue or matter, 
see
 
Lyon v. State
, 872 S.W.2d 732, 736-37 (Tex.Crim.App. 1994), and (2) the alleged jurisdiction is supported by the record. 
See
 
Sherman v. State
, 12 S.W.3d 489, 492 (Tex.App.–Dallas 1999, no pet.).  In other words, if TRAP 25.2(b)(3) is applicable, then for an appellate court to have its jurisdiction invoked over a matter, compliance with TRAP 25.2(b)(3) is required as to both form and substance.  
Id
. 

Subsequent to the time appellant filed his general notice of appeal and appointed counsel filed his 
Anders
 brief, the Court of Criminal Appeals held that a plea-bargaining defendant such as appellant may not appeal the voluntariness of the plea.  
See
 
Cooper v. State
, 45 S.W.3d 77 (Tex.Crim.App. 2001).  
Because appellant, thus, cannot question the voluntariness of his plea based on his general notice of appeal, and because his notice of appeal does not state that his appeal (1) involves an overruled, written pre-trial motion, 
(2) is based on permission of the trial court or (3) is for a jurisdictional defect, appellant has not invoked our appellate jurisdiction
 and we must dismiss the appeal.  
See
 
Sherman
, 12 S.W.3d at 492.
  

Accordingly, the appeal is dismissed for lack of jurisdiction.  
See
 
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).  
Because we have no jurisdiction over the appeal except to dismiss it,
 
see
 
id
., we cannot and do not consider appellate counsel’s Motion to Withdraw.    

 
 Phil Johnson

   Justice

Do not publish.