Dismissed and Opinion filed January 16, 2003









Dismissed and Opinion filed January 16, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01306-CR

____________

 

EARL WESLEY HARMON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 351st District Court

Harris County, Texas

Trial
Court Cause No. 929,267

 



 

M
E M O R A N D U M  O P I N I O N

Appellant entered a plea of guilty to carrying a firearm in a
weapon-free school zone.  In accordance
with the terms of a plea bargain agreement with the State, on November 8, 2002,
the trial court deferred an adjudication of guilt and placed appellant on
community supervision for six years. 
Appellant filed a pro se notice of appeal from the order deferring
adjudication of guilt.  See Manuel v.
State, 994 S.W.2d 658, 661‑62 (Tex. Crim.
App. 1999).  Because we have no
jurisdiction over this appeal, we dismiss. 









To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428
(Tex. Crim. App. 2001).  Rule 25.2(b)(3) of the Texas Rules of
Appellate Procedure provides that when an appeal is from a judgment rendered on
a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Tex. R. App. P. 25.2(b)(3).[1]  

The rule does not mean, however, that an appellate court=s jurisdiction is properly invoked by
the filing of a specific notice of appeal complying only in form with the
extra-notice requirements of Rule 25.2(b)(3). 
Betz v. State, 36 S.W.3d 227, 228 (Tex. App.CHouston [14th Dist.] 2001, no pet.); Sherman
v. State, 12 S.W.3d 489, 492 (Tex. App.CDallas 1999, no pet.).  An appellant must, in good faith, comply in
both form and substance with the extra-notice requirements of the rule.  Id.; see Manuel v. State, 994
S.W.2d 658, 662 (Tex. Crim. App. 1999) (stating that
appellant=s general notice of appeal could not
truthfully state that trial court had given permission to appeal).  Not only must the specific notice of appeal
recite the applicable extra-notice requirements, the record must substantiate
the recitations in the notice of appeal and the issues raised in the brief must
relate to the specific claims in the notice of appeal.  See Betz, 36 S.W.3d at 228-29; Sherman,
12 S.W.3d at 492.  Statements required by
the rule to be in the notice of appeal must be true to confer
jurisdiction; mere allegations are not sufficient.  Sherman, 12 S.W.3d at 492.  (emphasis in the original).  Noncompliance, in either form or substance,
results in a failure to properly invoke the appellate court=s jurisdiction over an appeal to
which Rule 25.2(b)(3) is applicable.  Id.  








The requirements of Rule 25.2(b)(3) apply to a defendant who
plea bargains for deferred adjudication. 
See Vidaurri v. State, 49 S.W.3d 880,
883 (Tex. Crim. App. 2001); Brown v. State,
943 S.W.2d 35, 41 (Tex. Crim. App. 1997); Watson
v. State, 924 S.W.2d 711, 714‑15 (Tex. Crim.
App. 1996).  Appellant filed a timely
general notice of appeal that did not comply in substance with the requirements
of Rule 25.2(b)(3).  The trial court
specifically denied permission to appeal. 
In addition, the record before this Court reflects no jurisdiction
errors and contains no written pre-trial motions

Accordingly, we dismiss the appeal for want of
jurisdiction.  

PER CURIAM

 

 

Judgment rendered and Opinion
filed January 16, 2003.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex. R. App.
P. 47.2(b).                      











[1]  The notice of appeal in this case was filed prior to
the amendments to the Texas Rules of Appellate Procedure effective January 1,
2003.