Dismissed and Opinion filed February 13, 2003









Dismissed and Opinion filed February 13, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00862-CR

____________

 

DREW ANTHONY ROGERS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 351st District Court

Harris County, Texas

Trial
Court Cause No. 902,872

 



 

M
E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to the felony offense of
driving while intoxicated.  In accordance
with the terms of a plea bargain agreement with the State, on July 17, 2002,
the trial court sentenced appellant to confinement for ten years in the
Institutional Division of the Texas Department of Criminal Justice.  Appellant filed a pro se notice of
appeal.  Because we have no jurisdiction
over this appeal, we dismiss.  








To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428
(Tex. Crim. App. 2001).  Appellant=s pro se notice of appeal did not
comply with the requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness
of the plea.  See Cooper v. State,
45 S.W.2d 77, 83 (Tex. Crim. App. 2001) (holding that
appellant who files general notice of appeal may not appeal voluntariness
of negotiated plea).[1]  

Appellant=s appointed counsel then filed a second notice of appeal
stating that the substance of the appeal was raised by a written motion Aruled on at a motion for new trial.@ 
The record filed with this Court contains no such ruling on a written
motion.  Moreover, the record affirmatively
reflects the trial court denied permission to appeal and appellant waived his
right to appeal.  








An appellant must, in good faith, comply in both form and
substance with the extra-notice requirements of Rule 25.2(b)(3).  Betz v. State, 36 S.W.3d 227, 228 (Tex.
App.CHouston [14th Dist.] 2001, no pet.); Sherman
v. State, 12 S.W.3d 489, 492 (Tex. App.CDallas 1999, no pet.).  Not only must the specific notice of appeal
recite the applicable extra-notice requirements, the record must substantiate
the recitations in the notice of appeal and the issues raised in the brief must
relate to the specific claims in the notice of appeal.  See Betz, 36 S.W.3d at 228-29; Sherman,
12 S.W.3d at 492.  Statements required by
the rule to be in the notice of appeal must be true to confer
jurisdiction; mere allegations are not sufficient.  Sherman, 12 S.W.3d at 492.  (emphasis in the original). 

In this case, the record contains no written motions ruled on
before trial, and it reflects no jurisdictional defects.  In addition, the trial court specifically
denied appellant permission to appeal. 
Accordingly, appellant cannot amend his notice of appeal to correct its
deficiencies.  Cf. Bayless
v. State, No. 56-01, (Tex. Crim. App. Dec. 18,
2002).  No response was filed to this
Court=s notice of intent to dismiss the
appeal for want of jurisdiction.  

Moreover, as noted, appellant waived his right to
appeal.  As part of the plea bargain
agreement, appellant signed a written waiver of his right to appeal, and the
trial court followed the plea bargain agreement in assessing punishment.  Despite having waived the right to appeal,
appellant filed a notice of appeal. 
Appellant chose to enter into an agreement that included a waiver of the
right to appeal.  Appellant was informed
of his right to appeal, knew with certainty the punishment he would receive,
and that he could withdraw his plea if the trial court did not act in
accordance with the plea agreement.  As
appellant was fully aware of the consequences when he waived his right to
appeal, it is Anot unfair to expect him to live with
those consequences now.@  Mabry v. Johnson,
467 U.S. 504, 104 S.Ct. 2543, 2547-48, (1984).  See also Blanco v. State, 18 S.W.3d
218, 219-20 (Tex. Crim. App. 2000); Buck v. State,
45 S.W.3d 275, 278 (Tex. App.CHouston [1st Dist.] 2001, no pet.).  

Accordingly, we dismiss the appeal for want of
jurisdiction.  

 

PER CURIAM

 

 

Judgment rendered and Opinion
filed February 13, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App.
P. 47.2(b).











[1]  The notice of appeal in this case was filed prior to
the amendments to the Texas Rules of Appellate Procedure effective January 1,
2003.