Dismissed and Opinion filed February 20, 2003









Dismissed and Opinion filed February 20, 2003.

 

In The

 

Fourteenth
Court of Appeals

____________

 

NO.
14-03-00030-CR

____________

 

DARREN
LEE TAYLOR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 338th District Court

Harris County, Texas

Trial
Court Cause No. 918,392

 



 

M
E M O R A N D U M   O P I N I O N

Appellant entered a plea of nolo contendere to the offense of aggravated sexual assault of a
child.  In accordance with the terms of a
plea bargain agreement with the State, on December 17, 2002, the trial court
sentenced appellant to confinement for five years in the Institutional Division
of the Texas Department of Criminal Justice. 
Appellant filed a pro se notice of appeal.  Because we have no jurisdiction over this
appeal, we dismiss.  








To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61
S.W.3d 424, 428 (Tex. Crim. App. 2001).  Appellant filed a timely general notice of
appeal that did not comply with the requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are
without jurisdiction to consider any of appellant=s issues, including the voluntariness of the plea. 
See Cooper v. State, 45 S.W.2d 77, 83 (Tex. Crim.
App. 2001) (holding that appellant who files general notice of appeal may not
appeal voluntariness of negotiated plea).[1]  








The rule does not mean, however, that an appellate court=s jurisdiction is properly invoked by
the filing of a specific notice of appeal complying only in form with the
extra-notice requirements of Rule 25.2(b)(3). 
Betz v. State, 36 S.W.3d 227, 228 (Tex. App.CHouston [14th Dist.] 2001, no pet.); Sherman
v. State, 12 S.W.3d 489, 492 (Tex. App.CDallas 1999, no pet.).  An appellant must, in good faith, comply in
both form and substance with the extra-notice requirements of the rule.  Id.; see Manuel v. State, 994
S.W.2d 658, 662 (Tex. Crim. App. 1999) (stating that
appellant=s general notice of appeal could not
truthfully state that trial court had given permission to appeal).  Not only must the specific notice of appeal
recite the applicable extra-notice requirements, the record must substantiate
the recitations in the notice of appeal and the issues raised in the brief must
relate to the specific claims in the notice of appeal.  See Betz, 36 S.W.3d
at 228-29; Sherman, 12 S.W.3d at 492.  Statements required by the rule to be in the
notice of appeal must be true to confer jurisdiction; mere allegations
are not sufficient.  Sherman, 12 S.W.3d at 492.  (emphasis in original). 

In this case, the record contains no written motions ruled on
before trial, and it reflects no jurisdictional defects.  In addition, the trial court specifically
denied appellant permission to appeal. 
Accordingly, appellant cannot amend his notice of appeal to correct its
deficiencies.  Cf. Bayless v. State, No. 56-01, (Tex. Crim.
App. Dec. 18, 2002).  

Accordingly, we dismiss the appeal for want of
jurisdiction.  

 

 

PER CURIAM

 

Judgment rendered and Opinion
filed February 20, 2003.

Panel consists of Justices Yates,
Hudson, and Frost. 

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  The notice of appeal in this case was filed prior to
the amendments to the Texas Rules of Appellate Procedure effective January 1,
2003.