Dismissed and Opinion filed March 20, 2003









Dismissed and Opinion filed March 20, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-03-00295-CR

____________

 

JERRY WAYNE MORGAN, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 361st District Court

Brazos County, Texas

Trial
Court Cause No. 02-00211-CRF-361

 



 

M
E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to the offense of tampering
with evidence.  In accordance with the
terms of a plea bargain agreement with the State, on November 22, 2002, the
trial court sentenced appellant to confinement for fifteen years in the Institutional
Division of the Texas Department of Criminal Justice.  Because we have no jurisdiction over this
appeal, we dismiss.  








To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428 (Tex.
Crim. App. 2001).  On December 2, 2002,
appellant filed a timely general notice of appeal that did not comply with the
requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 25.2(b)(3).[1]  Rule 25.2(b)(3) provided that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness of the plea.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who files general notice of
appeal may not appeal voluntariness of negotiated plea). 

The rule does not mean, however, that an appellate court=s jurisdiction is properly invoked by
the filing of a specific notice of appeal complying only in form with the
extra-notice requirements of Rule 25.2(b)(3). 
Betz v. State, 36 S.W.3d 227, 228 (Tex. App.CHouston [14th Dist.] 2001, no pet.); Sherman
v. State, 12 S.W.3d 489, 492 (Tex. App.CDallas 1999, no pet.).  An appellant must, in good faith, comply in
both form and substance with the extra-notice requirements of the rule.  Id.; see Manuel v. State, 994
S.W.2d 658, 662 (Tex. Crim. App. 1999) (stating that appellant=s general notice of appeal could not
truthfully state that trial court had given permission to appeal).  Not only must the specific notice of appeal
recite the applicable extra-notice requirements, the record must substantiate
the recitations in the notice of appeal and the issues raised in the brief must
relate to the specific claims in the notice of appeal.  See Betz, 36 S.W.3d at 228-29; Sherman,
12 S.W.3d at 492.  Statements required by
the rule to be in the notice of appeal must be true to confer
jurisdiction; mere allegations are not sufficient.  Sherman, 12 S.W.3d at 492.  (emphasis in the original). 








In
this case, the record contains no written motions ruled on before trial, and it
reflects no jurisdictional defects.  In
addition, the record does not reflect that the trial court granted appellant
permission to appeal.  Accordingly,
appellant cannot amend his notice of appeal to correct its deficiencies.  Cf. Bayless v. State, 91 S.W.3d 802
(Tex. Crim. App. 2002).  

Moreover,
appellant waived his right to appeal.  As
part of the plea bargain agreement, appellant signed a written waiver of his
right to appeal, and the trial court followed the plea bargain agreement in
assessing punishment.  Despite having
waived the right to appeal, appellant filed a notice of appeal.  Appellant chose to enter into an agreement
that included a waiver of the right to appeal. 
Appellant was informed of his right to appeal, knew with certainty the punishment
he would receive, and that he could withdraw his plea if the trial court did
not act in accordance with the plea agreement. 
As appellant was fully aware of the consequences when he waived his
right to appeal, it is Anot unfair to expect him to live with those consequences now.@
 Mabry v. Johnson, 467 U.S. 504,
104 S.Ct. 2543, 2547-48, (1984).  See
also Monreal v. State, No. 2289-01, (Tex. Crim. App.
March 12, 2003); Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App.
2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.CHouston
[1st Dist.] 2001, no pet.).  

Accordingly, we dismiss the appeal for want of
jurisdiction.  

 

PER CURIAM

 

Judgment rendered and Opinion
filed March 20, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App.
P. 47.2(b).

 











[1]  The notice of appeal in this case was filed prior to
the amendments to the Texas Rules of Appellate Procedure effective January 1,
2003.