NO. 07-03-0132-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 20, 2004



______________________________




FIFTY-SIX (56) GAMBLING DEVICES, EIGHT THOUSAND 

THREE HUNDRED THIRTEEN DOLLARS ($8313.00) IN UNITED 

STATES CURRENCY AND FOUR HUNDRED DOLLARS 

($400.00) IN GIFT CERTIFICATES, APPELLANT


V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 89,860-B; HONORABLE JOHN B. BOARD, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Presenting four points of error, Craig Brucker challenges the trial court's rendition
of a summary judgment forfeiting his property, including 56 eight-liner gambling devices,
$8,313 in cash, and $400 in gift certificates pursuant to article 18.18 of the Texas Code of
Criminal Procedure. (1) Based upon the following rationale, we reverse and remand. 

 On November 5, 2001, Dan Howington, an undercover officer with the Panhandle
Regional Narcotics Trafficking Task Force, entered Prize Palace Amusements and played
a machine commonly known as an eight-liner. After compiling a number of credits on the
machine, he advised a Prize Palace employee that he wanted to cash out. The employee
tabulated the amount owed Howington by the machine and paid him that sum in cash. 
During his stay at Prize Palace, Howington noticed approximately 40 other machines, each
of which appeared to operate in the same manner as the device on which he played. 
Howington also observed that Prize Palace appeared to engage in no other commercial
venture but the operation of eight-liners. 

 Based upon his investigation, Howington, on December 12, 2001, obtained a search
warrant commanding the seizure from Prize Palace of all gambling devices, gambling
paraphernalia, and coupons or gift certificates, or any other proceeds derived from the
operation of the gambling devices or paraphernalia. While executing the warrant, officers
seized the property described above. On May 10, 2002, the State, electing not to proceed
with a criminal prosecution, filed a petition seeking forfeiture of the eight-liners, cash, and
gift certificates pursuant to article 18.18. (2) By its petition, the State asserted the District
Court (3) had jurisdiction to hear the action, and alleged it had satisfied all conditions
precedent to filing or maintaining it. In response to the petition, Brucker filed a general
denial. (4) 

 Following six months of discovery, the State filed a combination traditional and no-evidence motion for summary judgment, (5) relying upon article 18.18 as authority for relief. 
As grounds for the traditional motion, the State asserted the summary judgment evidence
conclusively established that the seized eight-liners were gambling devices and/or
gambling paraphernalia, and that the cash and gift certificates were gambling proceeds. 
In support of the no-evidence motion, the State alleged there was no evidence the eight-liners, cash, and gift certificates did not wholly consist of gambling devices and/or gambling
paraphernalia, and gambling proceeds, respectively. The summary judgment evidence
consisted of Howington's affidavit in support of the search warrant, the search warrant, and
Brucker's responses to the State's requests for admissions. 

 In his response to the State's motion for summary judgment, Brucker claimed
Howington's affidavit was not probative as summary judgment evidence because it was
"vague, overbroad, [and] conclusionary." (6) Brucker also suggested: (1) the eight-liners were
legally operated pursuant to section 47.01(4)(B) of the Texas Penal Code (Vernon 2003),
commonly known as the fuzzy animal exception; and (2) his attached affidavit to that effect
raised a genuine issue of material fact sufficient to preclude a traditional summary
judgment. Additionally, he asserted a no-evidence summary judgment was inappropriate
because the State failed to establish it had complied with the procedural requirements of
article 18.18. 

 Concluding there was no genuine issue of material fact, in January 2003, the trial
court rendered summary judgment in favor of the State on both traditional and no-evidence
grounds. Specifically, the court concluded as a matter of law that the seized property
constituted gambling devices and gambling proceeds and was, thus, subject to forfeiture
under article 18.18. Additionally, the court found there to be no evidence to support any
claim under section (f) of article 18.18 that the property, currency, and gift certificates
seized from Prize Palace were not gambling devices, paraphernalia, or proceeds. 

 By four points of error, Brucker claims: (1) his due process rights were violated by
the trial court's failure to abide by the mandatory terms of article 18.18; (2) the trial court
lacked jurisdiction to hear the State's motion for summary judgment because of its failure
to have a show cause hearing as required by article 18.18; (3) the trial court improperly
granted the motion for summary judgment when disputed fact issues remained; and (4)
"the search warrant used to seized [sic] Appellant's [Brucker's] property was defective." 
We will consider Brucker's first and third points contemporaneously.

Standard of Review-Traditional Motion



 Where, as here, the trial court's order explicitly specifies the ground relied upon for
the summary judgment ruling, the ruling can only be affirmed if the theory is meritorious;
otherwise the case must be remanded. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d
374, 381 (Tex. 1993). For a movant to prevail in the context of a traditional summary
judgment, he must conclusively establish: (1) the absence of any genuine question of
material fact; and (2) he is entitled to judgment as a matter of law. Nixon v. Mr. Property
Management, 690 S.W.2d 546, 548-49 (Tex. 1985). A movant must either prove all
essential elements of his claim, or negate at least one essential element of the
nonmovant's cause of action. See MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986) and
Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). When
determining whether summary judgment was proper, we review the evidence in the light
most favorable to the nonmovant taking all evidence in favor of the nonmovant as true and
resolving all doubts as to the existence of a genuine issue of material fact in its favor. 
Harwell v. State Farm Mut. Auto Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Once the
movant has established a right to summary judgment, the nonmovant has the burden to
respond to the motion for summary judgment and present to the trial court any issues that
would preclude it . City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678
(Tex. 1979). Because our analysis of Brucker's first and third points controls our
disposition of the case, we need not address the standard of review for a no-evidence
motion for summary judgment. 

 By points one and three, Brucker argues he was not afforded the notice and
opportunity to be heard mandated by article 18.18, and a genuine issue of material fact
existed precluding summary judgment. We agree. Statutory proceedings seeking
forfeiture of property are civil in nature; therefore, the Texas Rules of Civil Procedure apply. 
See Hardy v. State, 102 S.W.3d 123, 126 (Tex. 2003); see also F & H Investments, Inc.
v. State, 55 S.W.3d 663, 668 (Tex.App.-Waco 2001, no pet.). Because the law abhors
a forfeiture, statutes authorizing forfeiture are strictly construed. See State v. Lot 10, Pine
Haven Estates, 900 S.W.2d 400, 402 (Tex.App.-Texarkana 1995, no writ) (affirming trial
court's denial of State's motion for summary judgment in suit seeking forfeiture of
property). Here, the record does not reveal whether an article 18.18 show cause hearing
was conducted following seizure of the property from Prize Palace. Instead, the State
sought forfeiture of that property through a motion for summary judgment under Rule 166a
of the Texas Rules of Civil Procedure. By the motion, the State alleged article 18.18
authorized the relief it sought. Among other things, that statute requires the magistrate to
whom the search warrant is returned: (1) to provide written notification of the seizure and
imminent forfeiture to the person found in possession of the property; (2) to include a
detailed description of the seized property in the notice; and (3) to send the required notice
via certified mail, return receipt requested. See art. 18.18 (b), (c), & (d). Additionally, the
statute affords any person interested in the seized property the opportunity to appear
before the magistrate for a show cause hearing on the 20th day following the date the
notice was mailed or posted. See art. 18.18 (e) & (f). 

 Brucker does not contend that a motion for summary judgment is not an
appropriate alternative to a show cause hearing; therefore, we need not determine whether
the procedure set out in article 18.18 is the exclusively authorized procedure for disposing
of gambling devices, paraphernalia, and proceeds. However, notice and hearing are the
process used to protect a property interest. Elm Creek Owners v. H.O.K. Investments, 12
S.W.3d 494, 498 (Tex.App.-San Antonio 1999, no pet.). (7) Therefore, because the State
expressly based its pleadings and motion for summary judgment upon article 18.18 as
authority for forfeiture of the property, it was required to show compliance with the notice
procedures mandated by that article. Accordingly, to establish its entitlement to summary
judgment under the statute, it was necessary for the State to provide summary judgment
evidence demonstrating written notice was provided. We cannot discern from the record
whether such notice was given. As a result, the State failed to establish its right to
summary judgment, and the burden did not shift to Brucker to respond to the motion for
summary judgment or present the trial court any issues that would preclude it. Clear Creek
Basin, 589 S.W.2d at 678. (8) Brucker's first and third points are sustained. Our disposition
of these points precludes our consideration of his remaining points. 

 Accordingly, the judgment of the trial court is reversed and the cause is remanded 
for further proceedings. 


 Don H. Reavis

 Justice


 


 



1. All references to articles are to the Texas Code of Criminal Procedure unless
otherwise designated. (Vernon Supp. 2004). 
2. In its petition, the State requested citation be issued to Olivia Rodriguez and Billy
Stone, who were, respectively, alleged to be the person found in possession of the seized
property and the operator of the business where the seized property was located. Neither
of those individuals is a party to this appeal. 
3. The judge of the 181st District Court was the magistrate who authorized the search
warrant.
4. Brucker did not designate his answer to be included in the clerk's record; however,
the State concedes an answer was filed. 
5. See Tex. R. Civ. P. 166a(c) & (i).
6. Although it appears from the record he was not present when the search warrant
was executed, Brucker conceded in his responses to the State's requests for admissions
that he was the owner of all the eight-liners seized from Prize Palace. 
7. See also Tex. Const. art. I, § 19 (No citizen of this State shall be deprived of life,
liberty, property, privileges or immunities, or in any manner disfranchised, except by due
course of the law of the land). (Emphasis added).
8. The issues considered here were not presented in Twenty-Nine (29) Gambling
Devices v. State, 110 S.W.2d 146 (Tex.App.-Amarillo 2003, no pet. h.).


"false" Name="Medium List 2 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00479-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
4, 2011

 



 

CHRIS ALLEN MCLAIN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF
HALE COUNTY;

 

NO. A18122-0908; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ORDER
OF ABATEMENT AND REMAND

Appellant,
Chris Allen McLain, filed a notice of appeal from his conviction for possession
of a controlled substance, and sentence of four years
incarceration in the Institutional Division of the Texas Department of Criminal
Justice and $1,000 fine.  The appellate
court clerk received and filed the trial court clerk=s record on December 20, 2010.  The official court reporter filed a request
for extension of time to file the record on December 14, indicating that
appellant had not paid for or made arrangements to pay for the reporters
record.  On December 15, this Court sent
correspondence to appellant directing him to pay for or make arrangements to
pay for the reporters record by January 17, 2011, or the deadline for
appellants brief might be set in the absence of the reporters record.  On January 18, this Court received a second
request for extension of time to file the reporters record, which again
indicated that appellant had not paid for or made arrangements to pay for the
reporters record.  On January 26, this
Court notified appellant that his brief would be due on or before February 25.  When appellant failed to comply with this
deadline, the Court sent appellant notice that his brief was past due and
advised appellant that failure to file his brief by March 14,
may result in the appeal being abated and remanded to the trial court for
further proceedings.  To date, appellant
has failed to file his brief or in any manner respond to our notices.

Consequently,
we abated this appeal and remanded the cause to the
trial court on March 25.  See Tex. R. App. P. 38.8(b)(2).  We directed the
trial court to hold a hearing to determine: (1) whether appellant desires to
prosecute this appeal; (2) if appellant desires to prosecute this appeal,
whether appellant is indigent and whether appellant desires that counsel be
appointed to represent him on the appeal; and (3) what orders, if any, should
be entered to assure the filing of appropriate notices and documentation to
dismiss appellant=s appeal if appellant does not desire
to prosecute this appeal or, if appellant desires to prosecute this appeal, to
assure that the appeal will be diligently pursued.  The supplemental clerks record includes
findings of fact that indicate that appellant failed to appear at the hearing,
even though notified of the hearing by both the trial court and the surety on
his appeal bond, and that the trial court ordered his appeal bond
forfeited.  The trial court also found
that a capias has been ordered for the arrest of
appellant and that, because appellant is a fugitive, the trial court does not
know whether appellant desires to prosecute this appeal.

However,
also included in the supplemental clerks record is a letter, dated the same
date as the hearing on remand, sent to the trial court from Arnold N. Miller,
which indicates that Miller had been retained by appellant to represent him in
this cause.[1]  Miller has not made an appearance in this
Court on appellants behalf.  In an
attempt to clarify confusion relating to whether Miller is representing
appellant in this appeal, this Court sent correspondence to Miller on April 15,
directing Miller, if he has been retained to represent appellant in this
appeal, to designate himself as lead counsel by April 25.[2]  To date, neither Miller nor appellant has
responded to our directive.

Accordingly,
we again abate this appeal and remand the cause to the trial court.  See Tex.
R. App. P. 38.8(b)(2).  Upon remand, the judge of the trial court is
directed to immediately cause notice to be given of and to conduct a hearing to
determine: (1) whether appellant desires to prosecute this appeal; (2) whether
appellant has retained Arnold N. Miller to represent him in this appeal; and
(3) what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant=s appeal if appellant does not desire to prosecute this
appeal or, if appellant desires to prosecute this appeal, to assure that the
appeal will be diligently pursued.[3]  If the trial court appoints counsel for
appellant or appellant retained Miller or another attorney, the court should
cause the Clerk of this Court to be furnished the name, address, and State Bar
of Texas identification number of the newly-appointed or newly-retained
attorney.  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
See Tex. R. App. P. 38.8(b)(3).  In the absence
of a request for extension of time from the trial court, the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than June 3, 2011.      

 

                                                                                                            Per
Curiam

Do
not publish.         











[1] We note that this letter identifies the present cause
by trial court cause number, but does not identify the appellate cause number
assigned to this case, and that Miller identifies his representation as being
in regard to the above case pending in the 242nd District Court,
Hale County, Texas.  Nothing in this
letter in any way indicates that Miller is aware that this case is currently on
appeal.

 





[2] A copy of this letter was also sent to appellant at
his last known address.

 





[3] Our review of the record reveals that appellant is not
currently serving his sentence of four years
incarceration because he has been released from custody on an appeal bond.  While we are also aware that a capias has been issued for appellants arrest, based on the
extensive delays caused by appellant and as appellant is currently avoiding
incarceration on an appeal bond, we direct the trial court to find whether this
appeal was taken by appellant with the intention of pursuing it to completion
or was taken for other purposes unrelated to the disposition of the case, such
as for purely dilatory purposes.  See
Meyer v. State, 310 S.W.3d 24, 26 (Tex.App.Texarkana
2010, no pet.).