NO. 07-08-0212-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 11, 2009

______________________________

MARCO AVILA D/B/A AVILA CONSTRUCTION

AND MANAGEMENT, APPELLANT

v.

DAVID RODRIGUEZ AND TERESA RODRIGUEZ, APPELLEES

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF RANDALL COUNTY;

NO. 59,059-B; HON. JOHN B. BOARD, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant, Marco Avila, filed his notice of appeal on May 15, 2008, appealing a judgment signed on April 16, 2008.  The clerk’s record in this matter was filed on June 18, 2008, and the reporter’s record was filed on September 19, 2008.  Therefore, Avila’s brief was due on October 20.  After this court notified Avila, by letter on October 21, that his brief was overdue, Avila filed his first motion for an extension on November 7 which was granted.  This court extended the time to file his brief and gave Avila until November 19 to submit his brief.  On November 19, Avila filed a second motion for extension to file his brief.  In response, this court granted Avila’s motion until December 24; however, the court also notified Avila that the court does not grant requests for subsequent extensions absent good cause.  On December 30, Avila filed a third motion for extension of time to file his brief.  This court denied Avila’s third motion for extension and notified Avila that his brief was due on or before January 16, 2009.  Further, this court notified Avila that failure to comply with the extended deadline to file his brief may result in dismissal of the appeal.  
See
 
Tex. R. App. P.
 38.8(a)(1), 42.3(b) and (c).  No other correspondence has been received from Avila. 

Not having received Avila’s appellate brief in a timely manner, we dismiss Avila’s appeal.  
Tex. R. App. P.
 42.3. 

Mackey K. Hancock

Justiceded to appellant, and that counsel has appropriately advised appellant of appellant’s right to review the record and file a response to counsel’s motion and brief.  The clerk of this court has likewise advised appellant of his right to file a response to counsel’s motion and 
Anders
 brief.  Appellant has filed an unsigned form pleading entitled Request to Withdraw Appeal.  Otherwise, appellant has filed no response.

     
To perfect appeal from a judgment which was rendered on the defendant’s plea of guilty or 
nolo contendere
, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and was ruled on before trial; or (c) state that the trial court granted permission to appeal.  TRAP 25.2(b)(3).  If appeal as to an issue or matter is properly perfected as to form, a court must examine the record underlying the notice of appeal to determine if jurisdiction substantively exists as to the issue or matter in question.  
See
 
Sherman v. State
, 12 S.W.3d 489, 492 (Tex.App.--Dallas 1999, no pet.).  Dismissal of an issue or the entire matter is appropriate unless both (1) the form of the notice of appeal is proper to perfect appeal as to the issue or matter, 
see
 
Lyon v. State
, 872 S.W.2d 732, 736-37 (Tex.Crim.App. 1994), and (2) the alleged jurisdiction is supported by the record. 
See
 
Sherman
, 12 S.W.3d at 492.  In other words, if Rule 25.2(b)(3) is applicable, then for an appellate court to have its jurisdiction invoked over a matter, compliance with Rule 25.2(b)(3) is required as to both form and substance.  
Id
.  

To describe the Notice of Appeal as a general notice is an understatement.  Nevertheless, the notice does not state that the appeal is 
based upon matters raised by written motion ruled on before trial or that the trial court granted permission to appeal.  The notice references, in a vague manner, jurisdiction of the trial court.  
See
 TRAP 25.2(b)(3).
     
 
The form of appellant’s Notice of Appeal may arguably comply with TRAP 25.2(b)(3), insofar as stating that the appeal is for a jurisdictional question.  Having examined the record for substantive compliance with such rule, however, we find that the record does not support compliance so as to invoke our appellate jurisdiction: (1) appellant’s Notice does not state that the trial court gave permission to appeal, and the record reflects that it did not give permission; (2) the Notice of Appeal does not assert appeal from pre-trial motions, and the record contains no pre-trial motions which were overruled; and (3) jurisdiction was properly vested in the trial court by presentation of an indictment.  
See
 
Tex. Const
. art. 5, § 12
; 
Ex parte Long
, 910 S.W.2d 485, 
486 (Tex.Crim.App. 1995).    
  

Because appellant has not invoked our jurisdiction, we must and do dismiss the appeal for lack of jurisdiction.  
See
 
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).  
Moreover, because we have no jurisdiction over the appeal except to dismiss it,
 
see
 
id
., we cannot and do not consider appellate counsel’s Motion to Withdraw.    

 

Phil Johnson

    Justice

Do not publish.